424 So.2d 826 (1982)
Francis JAMES, Appellant,
v.
DEPARTMENT OF CORRECTIONS, Appellee.
No. AJ-10.
District Court of Appeal of Florida, First District.
September 22, 1982.
Rehearing Denied January 7, 1983.
Francis James, pro se.
Jim Smith, Atty. Gen., and Shirley A. Walker, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant appeals the denial of his grievance appeal by the Department of Corrections.
On June 4, 1979, appellant was convicted of the crime of kidnapping with a firearm and sentenced pursuant to the mandatory gun law as set forth in section 775.087, Fla. Stat. (1979). At that time, the mandatory gun law provided that any person convicted under the statute shall serve a mandatory minimum term of imprisonment of three calendar years and that such person shall not be "eligible for parole or statutory gain-time under s. 944.27 or s. 944.29, prior to serving such minimum sentence." Section 775.087(2)(b), Fla. Stat. (1979). Prior to 1976, when the mandatory gun law was amended into its present form, the statute merely provided for a minimum sentence of three years of imprisonment and did not include a prohibition against the earning of any gain-time. In 1976, when the statutory gain-time provisions of sections 944.27 and 944.29 were added to the mandatory gun law, work gain-time, which was separately *827 covered under section 944.271, Fla. Stat., was not included as part of the amendment to the mandatory gun law. Thereafter, in 1978, the Legislature repealed sections 944.27 and 944.29 and simultaneously enacted a new gain-time statute but did not amend the mandatory gun law to reflect the repeal of the former gain-time statutes and the enactment of the new gain-time statute set forth in section 944.275. The mandatory gun law continued to read that any person convicted under section 775.087 shall not be "eligible for parole or statutory gain-time under s. 944.27 or s. 944.29, prior to serving such minimum sentence." Section 775.087(2)(b), Fla. Stat. (1979). Appellant filed a grievance appeal with the Department of Corrections (DOC) alleging that section 775.087 did not render him ineligible to earn work gain-time prior to the completion of the mandatory minimum three year sentence. The DOC denied appellant's grievance appeal, and this appeal followed. We reverse.
Appellant contends that the Legislature's failure to amend the mandatory gun law statute to reflect the enactment of the new gain-time statute effectively removed the statutory gain-time ban from the mandatory gun law. In the alternative, appellant argues that even if the statutory gain-time provisions of sections 944.27 and 944.29 continued in effect as part of the mandatory gun law statute after their repeal, those provisions cannot include work gain-time as set forth in section 944.275 because it was never enacted into the mandatory gun law. We agree with appellant's second argument and find that there is no statutory or administrative authority for prohibiting a prisoner from earning work gain-time while serving a minimum mandatory sentence under the mandatory gun law.
As a matter of statutory construction, it is clear that work gain-time was never included within the statutory gain-time ban set forth in the mandatory gun law. Expressio unius est exclusio alterius is a general principle of statutory construction which states that the mention of one thing implies the exclusion of another. Thus, where a statute enumerates the things on which it is to operate, it is ordinarily construed as excluding from its operation all those not expressly mentioned. 30 Fla.Jur. s. 90. In this case, s. 775.087(2)(b), Fla. Stat. (1979), specifically provides that a defendant sentenced under the mandatory gun law shall not be eligible for "statutory gain-time under s.s. 944.27 or 944.29 prior to serving... ." (emphasis added) the mandatory sentence. Work gain-time, which was formerly covered under section 944.271, Fla. Stat. (1976 Supp.) and which is presently covered under section 944.275, Fla. Stat. (1981), was never expressly included within the statutory gain-time ban set forth in the mandatory gun law. Construing the mandatory gun law in accordance with the above rule of statutory construction, we conclude that since the statute enumerates the specific statutory gain-time provisions which are to be included within the statute, and work gain-time is not specifically mentioned, work gain-time is specifically excluded from the statutory gain-time ban set forth in the mandatory gun law. On this basis, we find that the DOC is without statutory authority to prohibit prisoners from earning work gain-time while serving a mandatory minimum three year sentence under the mandatory gun law.
The order of the DOC is REVERSED.
SHAW and WIGGINTON, JJ., concur.

ON PETITION FOR REHEARING OR CLARIFICATION
SHIVERS, Judge.
By petition for rehearing and motion for clarification, the Department of Corrections (DOC) urges this court to recede from its earlier decision in this matter on the ground that we misapplied a general principle of statutory construction. In addition, the DOC seeks clarification on the question of whether an award of work gain-time can result in the release of a prisoner sentenced under the mandatory gun law prior to the completion of the minimum mandatory sentence of three calendar years.
*828 In holding that the mandatory gun law did not include a prohibition against the earning of work gain-time prior to the completion of the minimum mandatory sentence, this court applied the general principle of statutory construction expressio unius est exclusio alterius to construe the mandatory gun law. We concluded that since the statute enumerates the specific statutory gain-time provisions which are included within the statute, and that since work gain-time is not specifically mentioned, work gain-time was specifically excluded from the statutory gain-time ban. In reaching that conclusion we noted that:
In 1976, when the statutory gain-time ban provisions of sections 944.27 and 944.29 were added to the mandatory gun law, work gain-time, which was separately covered under section 944.271, Fla. Stat., was not included as part of the amendment to the mandatory gun law.
On petition for rehearing, the DOC points to the above quotation as the sole basis upon which it seeks rehearing in this matter. The DOC contends that in reaching our decision in this case, we failed to acknowledge that section 944.271, which created work gain-time, was not yet in existence when the statutory gain-time proscription was added to the mandatory gun law. Since the work gain-time statute was not in existence, the DOC contends that the principle of expressio unius est exclusio alterius should not have been used by this court to exclude work gain-time from the statutory gain-time proscription. We disagree.
We first note that both of the above legislative measures were passed in the same legislative session and that although the amendment to the mandatory gun law was passed by both Houses of the Legislature and signed by the Governor before the work gain-time statute was, the effective date of the work gain-time statute predated the effective date of the amendment to the mandatory gun law.
Nonetheless, regardless of whether the work gain-time statute was in existence when the statutory gain-time prohibition was added to the mandatory gun law, the general principle of expressio unius est exclusio alterius is still applicable. It is a well settled rule of statutory construction that the Legislature is presumed to know the existing law when it enacts a statute. See Collins Investment Co. v. Metropolitan Dade County, 164 So.2d 806 (Fla. 1964). In view of this rule, it is clear that if the work gain-time statute was in existence at the time the mandatory gun law was amended to include a prohibition against the earning of statutory gain-time, the Legislature should have expressly included work gain-time within the prohibition if they intended a prisoner sentenced under the statute to be prohibited from earning work gain-time while serving the mandatory portion of his sentence. On the other hand, if the work gain-time statute was not in existence at the time of the 1976 amendment to the mandatory gun law, the Legislature could have created an express exception in the work gain-time statute to prohibit an award of work gain-time to prisoners sentenced under the mandatory gun law. Having failed to pursue either of these options, we believe that our application of the principle of expressio unius est exclusio alterius is correct, and, for that reason, we do not recede from our decision in this case.
Addressing the question of whether our decision in this case would permit the accumulation of work gain-time to result in the release of a prisoner sentenced under the mandatory gun law prior to the completion of the minimum mandatory three year sentence, we believe that the resolution of that question is implicit in our holding in this case. In our decision, we held that section 775.087(2) does not prohibit prisoners from earning work gain-time while serving a mandatory minimum three year sentence under the mandatory gun law. The mandatory gun law provides that any person convicted under the statute "shall be sentenced to a minimum term of imprisonment of three calendar years" and that such a defendant shall not be "eligible for parole or statutory gain-time under s. 944.27 or s. 944.29, prior to serving such minimum sentence." Having already found that work *829 gain-time is not included within the statutory gain-time prohibition set forth in the mandatory gun law, we find no language in the mandatory gun law which would prohibit the release of a defendant as a result of accumulated work gain-time prior to the completion of the minimum mandatory sentence of three calendar years. Section 775.087(2)(b) does not necessarily prohibit the release of a prisoner sentenced under the statute prior to completion of the minimum mandatory sentence; instead, it merely requires that such a defendant be sentenced to a minimum term of imprisonment of three calendar years and prohibits his release by way of statutory gain-time under sections 944.27 or 944.29 prior to the completion of the minimum sentence. Nothing in the mandatory gun law prohibits a prisoner sentenced under that statute from being released prior to the completion of the mandatory minimum sentence as a result of the accumulation of work gain-time.
With the foregoing clarification, the petition for rehearing is denied.
SHAW and WIGGINTON, JJ., concur.