423 So.2d 584 (1982)
John Elmer CURRY, Appellant,
v.
DEPARTMENT OF CORRECTIONS, Appellee.
William BRYANT, Appellant,
v.
DEPARTMENT OF CORRECTIONS, Appellee.
Royce CROFT, Appellant,
v.
DEPARTMENT OF CORRECTIONS, Appellee.
Leo C. SAXON, Appellant,
v.
DEPARTMENT OF CORRECTIONS, Appellee.
Nos. AL-383, AL-388, AL-390 and AN-44.
District Court of Appeal of Florida, First District.
December 20, 1982.
John Elmer Curry, William Bryant, Royce Croft and Leo C. Saxon, appellants pro se.
Jim Smith, Atty. Gen., and Leonard George, Jr., Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
Appellants ask this court to reverse the decision by the Department of Corrections denying them entitlement to statutory and work gain-time. We affirm in part and reverse in part.
Appellants were all convicted and sentenced pursuant to the mandatory gun law as set forth in section 775.087(2), Fla. Stat. (1977). After serving the three year mandatory portion of their sentences, appellants requested the Department of Corrections (DOC) to award them credit for statutory and work gain-time they had earned while serving the mandatory portion of their sentences. The DOC denied appellants' requests *585 on the ground that section 775.087(2) prohibited them from earning any form of gain-time, including work gain-time, while serving the mandatory portion of their sentences. These rulings were thereafter affirmed by the Secretary of the DOC. On appeal, appellants raise three issues.
First, appellants contend that although section 775.087(2) prohibits a prisoner from being released prior to his serving the minimum mandatory portion of his sentence, it does not prohibit a prisoner from accruing statutory gain-time during that period. Based on this interpretation of section 775.087(2) appellants argue that once a prisoner has completed the minimum mandatory portion of his sentence, he must be given credit for the statutory and work gain-time accrued during that time. We disagree.
The language of section 775.087(2)(b) is clear. A defendant sentenced under the mandatory gun law is not "eligible" for statutory gain-time under sections 944.27 or 944.29 prior to serving the minimum mandatory sentence of 3 calendar years. We interpret this language to mean that the statutory gain-time provisions of sections 944.27 and 944.29 simply do not apply until a prisoner has completed the mandatory minimum sentence. The mandatory gun law does not draw the distinction between the earning and accrual of gain-time which appellants urge this court to make. If the legislature had intended to create an exception to the mandatory gun law gain-time prohibition which would have allowed prisoners to accrue statutory and work gain-time while serving the 3 year mandatory sentence, they could have expressly created one. In the absence of such an express exception, this court will not imply one. On this basis, we reject appellants' first point on appeal.
Next, appellants contend that the statutory gain-time ban has been effectively repealed by the Legislature. Section 775.087(2) presently provides that any person convicted under this statute shall be sentenced to a mandatory minimum term of imprisonment of three calendar years and that such person shall not be "eligible for parole or statutory gain-time under s. 944.27 or s. 944.29, prior to serving such minimum sentence." In 1978, the Legislature repealed sections 944.27 and 944.29 and simultaneously enacted a new gain-time statute under section 944.275. In so doing, however, the Legislature failed to amend the mandatory gun law to reflect the repeal of the former gain-time statutes and the enactment of the new gain-time statute. Appellants contend that this omission on the part of the Legislature effectively removed the statutory gain-time ban from the mandatory gun law. We cannot agree.
Although the Legislature failed to amend section 775.087(2)(b) to reflect the repeal of the former gain-time statutes and the enactment of the new gain-time statute as set forth in section 944.275, this omission was clearly the result of a clerical oversight on the part of the Legislature which this court may correct. Where, as here, the Legislature has made a mistake in a reference in a statute to another statute and the real intent of the Legislature is manifest and would be defeated by adherence to the terms of the mistaken reference, a court may disregard the mistaken reference or read it as corrected, in order to give effect to the intent of the Legislature. See generally Tatlow v. Bacon, 101 Kan. 26, 165 P. 835 (1917); Worthington v. District Court, 37 Nev. 212, 142 P. 230 (1914); and State v. Parmenter, 50 Wash. 164, 96 P. 1047 (Wash. 1908). That the Legislature intended not to repeal the ban on the earning of statutory gain-time from the mandatory gun law is evidenced by the fact that even after sections 944.27 and 944.29 were repealed, the mandatory gun law continued to prohibit the earning of statutory gain-time. On this basis, it appears evident that the Legislature's failure to amend the mandatory gun law to reflect the enactment of the new statutory gain-time statute was a clerical oversight. Since the intent of the Legislature would be defeated by adherence to the terms of the mistaken reference to sections 944.27 and 944.29, this court will correct the mistaken reference and read the ban on the earning of statutory gain-time to prohibit *586 the earning of gain-time which was formerly covered under sections 944.27 and 944.29, Fla. Stat. (1977), but which is presently covered under section 944.275, Fla. Stat. (1979). Having corrected the mistaken reference in the mandatory minimum gun law, this court finds that appellants' second point on appeal is without merit.
We find appellants' third issue on appeal to be meritorious and reverse on that basis. Appellants contend that even if the ban on the earning of statutory gain-time as set forth in the mandatory gun law remains intact, it does not prohibit a prisoner from earning work gain-time prior to his serving the minimum mandatory portion of his sentence. This issue has been previously addressed by this court in the case of James v. Department of Corrections, 424 So.2d 826 (Fla. 1st DCA 1982), where we held that the mandatory gun law does not include a ban on the earning of work gain-time. Unlike the Legislature's failure to amend the mandatory gun law to reflect the repeal of sections 944.27 and 944.29 and the enactment of section 944.275, the Legislature's failure to include work gain-time within the gain-time prohibition set forth in section 775.087 cannot be considered a clerical error or omission, if indeed it can be considered an omission at all. To expand the gain-time ban as set forth in the mandatory gun law to include work gain-time would require this court to read into the statute substantive language which the Legislature failed to include. Such substantive omissions, whether intentional or not, if they are to be corrected, should be corrected by the Legislature and not the courts.
For the above reasons, we reverse the order of the DOC denying appellants credit for the work gain-time that they were eligible to earn while serving the minimum mandatory portion of their sentences and remand the matter for further proceedings consistent with this decision.
ERVIN and LARRY G. SMITH, JJ., concur.