# POWELL v DEPARTMENT OF CORRECTIONS
## Case No. 85-2044
Second Judicial Circuit, Leon County

October 25, 1985

### APPEARANCES OF COUNSEL

**Herman Powell,** pro se.
**Susan A. Maher,** Assistant Attorney General, for defendant.

### OPINION OF THE COURT

P. KEVIN DAVEY, Circuit Judge.

Herman Powell seeks a writ of mandamus requiring that Respondent, Department of Corrections (DOC), credit him with incentive gain time earned pursuant to Section 944.275(4)(b), Florida Statutes (1983). He further seeks to have this Court declare Rule 33-11.065(1), Florida Administrative Code (1985) invalid as contradictory to Florida law.

Respondent, through the Office of the Attorney General, contends that Section 775.087(2), Florida Statutes (1983) precludes the award of *any* statutory gain time to an inmate who has received a minimum mandatory sentence under that provision. Respondent's contention is correct as it applies to basic gain time. In *Curry v. Department of Corrections*, 423 So.2d 584 (Fla. 1st DCA 1982) the court held that a

defendant sentenced under Section 775.087(2)(b) is not eligible for *statutory* gain time under Sections 944.27 and 944.29, Florida Statutes.[1]

However, in the instant case, Petitioner seeks credit for *incentive* gain time. In *James v. Department of Corrections*, 424 So.2d 826 (Fla. 1st DCA 1983), Judge Shivers, speaking for a unanimous panel of the First District, held that the mandatory gun law (F.S. Section 775.087) did not prohibit an inmate from earning *work*[2] gain time while serving a mandatory sentence. Additionally, the court held that the accumulation of this type of gain time would allow an inmate to be released prior to the completion of the mandatory minimum sentence imposed.

The court specifically found that there was no statutory or *administrative* authority which would prohibit an inmate from earning work gain time.

This Court's analysis of the issue would end with *James* but for the promulgation of Rule 33-11.065(1) by the DOC.[3] This rule concerns ineligibility for award of incentive gain time, and provides as follows:

"No inmate committed to a mandatory minimum sentence for firearm violation in accordance with Section 775.087 F.S., whose offense occurred on or after August 12, 1983, shall be eligible for any incentive gain time awarded until completion of the mandatory portion of the sentence."

The issue to be resolved in this case is whether or not this administrative rule is valid, when considered in light of the legislative history of the two applicable statutory provisions.

Unfortunately, counsel for Respondent has not argued this issue and seeks to have the Court deny the mandamus relief based solely on a construction of F.S. Section 775.087 as it applies to F.S. Section 944.275. Of course, such an argument completely overlooks the opinion in *James*.

Despite the promulgation of Rule 33-11.065(1) F.A.C., this Court is of the opinion that Petitioner is entitled to the award of incentive gain

---

[1] These are the statutory predecessors of F.S. Section 944.275 which now covers both types of gain time. (See also Chapter 83-215, *Laws of Florida*.) The phrase "statutory gain time" used in *Curry* is analogous to the phrase "basic gain time" now extant in Section 944.275.

[2] Although several of the requirements and conditions for earning this species of gain time are different, incentive gain time under the current law is analogous to work gain time under the former provisions of the law.

[3] According to the legal office of the DOC, this rule became effective in January, 1985.

time against his mandatory minimum sentence. While this rule supplies "administrative authority" for the DOC not to award such incentive gain time, it does not overcome the statutory deficiencies which were explained in *James*.

The legislative history of the relevant statutory provisions is clearly and ably set forth by Judge Shivers in his opinion in *James*. It would serve no useful purpose for this Court to recapitulate that history herein. Suffice it to say that when the First District applied the general principle of statutory construction—*expressio unis est exclusio alterius*—it found that the legislature intended to exclude work gain time (now incentive gain time) from the operation of F.S. Section 775.087(2)(b). The Court further found that,

> ". . . if the work gain-time statute was in existence at the time of the 1976 amendment to the mandatory gun law, the legislature could have created an express exception in the work gain-time statute to prohibit an award of work gain-time to prisoners sentenced under the mandatory gun law." *James* at 828.

Further, since the Court's opinion in *James v. Department of Corrections* was released in January of 1983,[4] there have been three legislative sessions at which the legislature could have amended F.S. Section 944.275 or 775.087 to clarify their intent with respect to the matter of incentive gain time. Indeed, in the 1983 session the legislature amended Chapter 944 to clarify the ambiguity demonstrated in *Curry*, supra. (Chapter 83-215, *Laws of Florida*.)

That the legislature did not modify F.S. Section 944.275 or 775.087 lends further support to the District Court's conclusion in *James* that the legislature never intended to prohibit inmates from earning incentive gain time against their mandatory minimum sentences. Therefore, this Court finds that Rule 33-11.065(1), F.A.C. is invalid.

It is, therefore,

ORDERED AND ADJUDGED that the Petition for Writ of Mandamus filed by Herman Powell, Petitioner, be and the same is hereby granted. The Department of Corrections is hereby directed to award this inmate all non-forfeited incentive gain time previously earned as against his tenative release date. Any incentive gain time earned in the future by this inmate shall also be credited in accordance with the Department's standard procedure for awarding gain time.

---

[4] Additionally, the First District released its opinion in *Sherman v. Florida Department of Corrections*, 431 So.2d 711 (Fla. 1st DCA 1983) during the 1983 legislative session. It likewise held that "the DOC had no statutory authority" to prohibit inmates from earning this type of gain time while serving mandatory minimum sentences.

It is further

ORDERED AND ADJUDGED that Rule 33-11.065(1) F.A.C. is invalid and shall have no force and effect.

## ORDER ON REHEARING

Respondent, Department of Corrections, seeks a rehearing for this Court to reconsider its Order of October 25, 1985. The grounds for this rehearing are that this Court overlooked the legislative revision of Chapter 944, Florida Statutes in 1983;[1] and that the legislative history of that legislation demonstrates a rejection of the District Court's statutory interpretation in *James v. Department of Corrections*, 423 So.2d 584 (Fla. 1st DCA 1982).

Unfortunately, this naked assertion of "legislative history" made by counsel for the Respondent is not supported by any authoritative references in the Motion for Rehearing. In the absence of such citations, this Court endeavored to ascertain corroboration for Respondent's contention that there was legislative intent to rectify or modify the result reached in *James*.

The Court listened to the official tape record of the floor debate on House Bill 1012, which was ultimately enacted as Chapter 83-131, *Laws of Florida* or the Corrections Reform Act of 1983. There was scant mention of gain time generally, and *no* mention of *James* or incentive gain time.[2] Seeking other indicators of legislative intent[3] in this regard, the Court inquired of the legislative staff for the House Corrections Committee which had primary responsibility for the Corrections Reform Act of 1983. This staff person advised that there was little or no committee debate about the changes in gain time provisions and candidly advised the Court that the issue in *James* was never broached during committee or other hearings on this legislation.[4]

Counsel for the Respondent's representations concerning legislative intent are not corroborated by this Court's legislative research. There is

[1] Chapter 83-131, *Laws of Florida*.

[2] The floor debate primarily revolved around the monies to be saved by enactment of this piece of legislation and procedures for siting prison facilities.

[3] See *The Search for Intent: Aids to Statutory Construction in Florida—An Update*, Vol. 13, FSU Law Review 485 for an excellent discussion on methods for determining legislative intent.

[4] Counsel correctly points out an error on Page 3 of the October 25, 1985 Order. That sentence should read as follows: "Indeed, in the 1983 session the legislature amended Chapter 775 to clarify the ambiguity demonstrated in *Curry*, supra. (Chapter 83-215, *Laws of Florida*)."

no implication that the 1983 legislature in enacting Chapter 83-131, Section 8, *Laws of Florida* intended to modify the result obtained in *James* as it concerns incentive gain time.

It is, therefore,

ORDERED AND ADJUDGED that the Respondent's Motion for Rehearing be and the same is hereby denied.