WIGGINTON, Judge.
Appellant, Department of Corrections (Department), appeals two orders of the circuit court granting appellees’ petitions for writs of mandamus requiring the Department to credit appellees with incentive gain time earned pursuant to section 944.-275(4)(b), Florida Statutes (1983), and declaring rule 33-11.0065(1), Florida Administrative Code, invalid. We reverse.
Appellees, who were both sentenced in January 1985 to prison terms, which included mandatory minimum sentences of three years pursuant to section 775.087, Florida Statutes (1983), filed their petitions seeking credit for earned incentive gain time to be applied against their mandatory minimum sentences. The Department had refused to grant such credit, relying upon the provision of section 775.087(2)(b), Florida Statutes (1983), that a defendant shall not be eligible for “statutory gain time under section 944.275, prior to serving his minimum sentence.” The Department also relied upon its own enacted rule 33-11.0065(1), Florida Administrative Code (which provides that an inmate serving a mandatory minimum sentence for a firearm violation in accordance with section 775.087 shall not be eligible for any incentive gain time award until completion of the mandatory portion of the sentence).
The trial court relied upon this Court’s 1982 decision in James v. Department of Corrections, 424 So.2d 826 (Fla. 1st DCA 1982). In construing the 1979 version of sections 775.087 and 944.275, Florida Statutes, the James court concluded that section 775.087 did not, at that time, ban application of earned incentive gain time against a mandatory minimum sentence. However, following the James decision, the legislature amended sections 775.087(2) and 944.275, Florida Statutes, during the 1983 session, thereby correcting the statutory deficiencies cited in James.
As a result of those 1983 amendments, section 775.087(2) now provides, in unambiguous terms, that a defendant serving a mandatory minimum sentence under that statute is not eligible for statutory gain time as provided in section 944.275, prior to serving his minimum sentence. Section 944.275 provides for three types of gain time, including incentive gain time. Thus, incentive gain time clearly now is among the types of statutory gain time to be denied a prisoner serving a mandatory minimum sentence pursuant to section 775.087. The reasoning in James is not applicable to cases involving the current statutes. Consequently, the Department acted within its delegated legislative authority in enacting rule 33-11.0065 and in following that rule, as well as the pertinent statutes, in denying appellees credit for incentive gain time to be applied against their mandatory minimum sentences.
REVERSED.
ERVIN and BARFIELD, JJ., concur.