ON MOTION FOR CORRECTION OR CLARIFICATION
The opinion filed March 11, 1992, is withdrawn and the following is substituted in its place.
PER CURIAM.
French Milton is serving two consecutive sentences and one concurrent sentence for three robbery convictions,[1] each of which included a three-year minimum mandatory sentence under Section 775.087(2), Florida Statutes (1981), for possessing a firearm during the robberies. The Department of Corrections (DOC) represented that Milton’s maximum release date is May 1, 2015. Because his convictions occurred prior to August 12,1983, he continued to earn work gain time while he was serving his minimum mandatory sentences between 1984 and 1989, pursuant to Waldrup v. Dugger, 562 So.2d 687 (Fla.1990), and James v. Department of Corrections, 424 So.2d 826 (Fla. 1st DCA 1982). Milton claims that under these decisions his work gain time should have been directly applied to his minimum mandatory sentences, rather than applied to the end of his total period of incarceration. If the gain time credits were so applied, Milton might have earned provisional credits that were otherwise denied him while he served the last of his minimum mandatory sentences in 1988 and 1989.
DOC represents that pursuant to agency policy and Section 944.275(3)(a), Florida Statutes (1989), it establishes a maximum release date based upon an inmate’s sentence, and thereafter subtracts and adds days from the end of the sentence based upon all forms of gain time and provisional credits awarded to and forfeited by the inmate. In that DOC’s interpretation of section 944.275(3)(a) does not appear inconsistent with the statutory language therein, we conclude that DOC’s denial of provisional credits during the time Milton was serv *404 ing his minimum mandatory sentence in 1988/1989 was proper.
AFFIRMED.
ERVIN, SMITH and ALLEN, JJ„ concur.

. Milton is also serving a sentence for escape, which has no bearing on the issue in this appeal.