PATTERSON, Judge.
Ervin Lee Mingo appeals from a final summary judgment which determines that ARA Health Services, Inc. (ARA), and Dr. Gary Schecodnic are within the umbrella of sovereign immunity of the Hillsborough County Sheriff. We hold that ARA is not primarily acting as an agency of the state and, accordingly, reverse the final summary judgment.
ARA is in the business of providing medical services within jails and correctional institutions on a contractual basis. The Sheriff of Hillsborough County entered into a contract with ARA to provide medical services to inmates of the Hillsborough County Jail. *86 ARA in turn contracted with Schecodnic to provide those medical services and also to serve as the medical director of the jail. In September 1990, Mingo was an inmate of the jail and complained of severe leg pain. Sche-codnic examined and treated him. Mingo alleges that, due to a negligent diagnosis and treatment by Schecodnic, he developed a vascular disease which resulted in the below-the-knee amputation of his right leg.
On summary judgment, the trial court held that ARA “is a state agency or sub-division as defined in Florida Statutes § 768.28(2) and is therefore not liable to pay a claim or a judgment in this case exceeding the sum of $100,000.00” and that Schecodnic “is not a proper party based upon allegations of simple negligence pursuant to the provisions of Florida Statutes § 768.28.”[1] The trial court then dismissed Schecodnic from the action, with prejudice. Mingo appeals from that dismissal.
The correctness of Schecodnic’s dismissal from the action turns on the question of whether ARA enjoys the status of an agency or subdivision of the state. We conclude that it does not. The legislature has addressed the issue of the status of health care providers contracting with the Department of Corrections in section 768.28(10)(a), Florida Statutes (1989).[2] We interpret this section to mean that the legislature found it necessary to create state agency status for such health care providers by specific statutory enactment. It could have bestowed the same status on the operators of county jails, which are not within the Department of Corrections, but it chose not to do so. When a statute enumerates the things upon which it is to operate, it should be construed as excluding from its operation things of the same class or category which it does not mention. James v. Department of Corrections, 424 So.2d 826 (Fla. 1st DCA 1982). Health care providers to county jails are therefore not agencies of the state as a matter of law. That does not mean, however, that such a provider cannot be determined to be acting as an agency of the state under the facts and circumstances of a particular relationship.
Foremost, we consider the contract between the parties in determining ARA’s status. Paragraph lie. provides:
e. CMS AS INDEPENDENT CONTRACTOR AND AS A CORPORATION:
The parties to this Agreement both acknowledge that CMS is providing the services contemplated hereunder as a [sic] independent contractor and is neither an agent, employee, partner nor joint venturer of or with the SHERIFF or with the Board of County Commissioners for Hills-borough County, Florida.
In paragraph 13, the contract states:
It is expressly agreed and acknowledged by the parties that CMS is, at all times hereunder, acting and performing as an independent contractor in furnishing professional medical services within the scope of the authority conferred by this Agreement. Nothing herein is intended to waive or limit any rights the Sheriff, his employees, agents and officers, has pursuant to s. 768.28, Florida Statutes, or any other limiting law.
The parties have clearly defined their relationship. We hold that the contract disavows ARA as a corporation primarily acting as an instrumentality or agency of the state or its subdivisions. Having thus determined the legal status of ARA, Schecodnic is not enti- *87 tied to immunity under section 768.28(9)(a), and his dismissal was error.
Reversed and remanded with instructions that Schecodnic be reinstated as a party to this action.
FRANK, C.J., and RYDER, J., concur.

. Section 768.28(9)(a), Florida Statutes (1989), provides: No officer, employee, or agent of the state or any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

. (10)(a) Health care providers or vendors, or any of their employees or agents, that have contractually agreed to act as agents of the Department of Corrections to provide health care services to inmates of the state correctional system shall be considered agents of the State of Florida, Department of Corrections, for the purposes of this section, while acting within the scope of and pursuant to guidelines established in said contract or by rule. The contracts shall provide for the indemnification of the state by the agent for any liabilities incurred up to the limits set out in this chapter.