687 So.2d 1338 (1997)
STATE of Florida, Harry K. Singletary, Appellant,
v.
Harrell BRADDY, Appellee.
No. 96-414.
District Court of Appeal of Florida, First District.
February 4, 1997.
Judy Bone, Assistant General Counsel, Department of Corrections, Tallahassee, for Appellant.
Harrell F. Braddy, Indiantown, Pro Se.
ALLEN, Judge.
The appellant challenges an order by which the trial court ordered the Department of Corrections to award the appellee, a prisoner in the state prison system, gain time for any work performed while he served a three-year mandatory firearm term. Because the law in effect at the time the appellee committed his offenses precluded the award of any gain time to inmates serving a minimum mandatory firearm term, we reverse.
The appellee is incarcerated for numerous offenses committed during October of 1984. The sentences include a three-year mandatory firearm term imposed pursuant to section 775.087, Florida Statutes (the firearm statute). The appellee was not awarded any gain time during the three-year mandatory firearm term.
*1339 Prior to 1978, inmates serving a minimum mandatory firearm term were ineligible to receive gain time of the types referenced in sections 944.27 and 944.29, because the firearm statute made the gain time referenced in those statutes inapplicable during a minimum mandatory firearm period. See § 775.087(2)(b), Fla.Stat. (1977). However, when the legislature enacted "work gain time" under section 944.271, Fla.Stat. (Supp. 1976), inmates serving a minimum mandatory firearm term were eligible to receive this gain time because its exclusion was never enacted into the firearm statute. See James v. Department of Corrections, 424 So.2d 826 (Fla. 1st DCA 1983).
In 1978, the legislature rewrote the gain time provisions, repealing sections 944.27, 944.29 and 944.271 and providing for all gain time in section 944.275. Although the legislature failed to also amend the firearm statute to reflect the new statute number, we held that the types of gain time formerly found in section 944.27 and 944.29, which were moved to section 944.275(1) and (3), still remained unavailable to inmates serving a mandatory firearm term; and that the "work gain time" of the former section 944.271, which was moved to section 944.275(2), was likewise still available to inmates serving the mandatory firearm term. James; Curry v. Department of Corrections, 423 So.2d 584 (Fla. 1st DCA 1982).
In 1983, shortly after Curry and James were decided, the legislature again amended the gain time statute and abolished the "work gain time" of section 944.275(2), formerly found in section 944.271. See Ch. 83-131 Laws of Fla. (1983). These amendments retained the other forms of gain time, but reorganized and renumbered the statute. The type of gain time formerly authorized by section 944.27 appeared at section 944.275(4)(a), and the type of gain time formerly authorized by section 944.29 appeared at section 944.275(4)(b) and (c). No other types of gain time were authorized.
Also in that session, the legislature amended the firearm statute to correctly cross reference section 944.275. See Ch. 83-215 § 51, Laws Of Fla. (1983). In entering its order herein, the trial court concluded that section 51 of chapter 83-215 made substantive changes to the law, and, because the bill covered multiple subjects, it violated the single subject rule. The trial court accordingly determined that, until its biennial adoption in 1985, the change in the law rendered by section 51 of chapter 83-215 was not effective. Thus, the court concluded that inmates who committed their crimes prior to August 1, 1985, the date of the biennial adoption, were still eligible to receive "work gain time" during their mandatory firearm terms. Because the appellee committed his crimes prior to that date, the court ordered that he be awarded "work gain time" for work performed during the term of his mandatory firearm sentence.
The trial court erred in this regard. Even if chapter 83-215 had not been enacted, inmates serving mandatory firearm terms were ineligible to receive gain time of the types referenced in former sections 944.27 and 944.29, see Curry and James, and, as has been previously explained, at the time the appellee committed his crime, those were the only types of gain time authorized by law. "Work gain time" had already been abolished by chapter 83-131. Because the law in effect at the time of the appellee's offenses precluded the award of any gain time during the mandatory firearm term of his incarceration, without regard to chapter 83-215, the trial court's order is reversed.
WEBSTER and LAWRENCE, JJ., concur.