WEBSTER, J.
In this juvenile delinquency appeal, appellant’s counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We agree that there exists no good faith argument for the reversal of appellant’s delinquency adjudication and disposition, which we affirm without discussion. However, on the state’s cross-appeal, we agree that the trial court erred in denying the state’s motion for human immunodeficiency virus (HIV) testing pursuant to section 960.003, Florida Statutes (2007), and remand with directions that the trial court grant the motion.
Appellant pled no contest to lewd or lascivious battery on a person less than 16 years of age pursuant to section 800.04(4)(a), Florida Statutes (2007). At the victim’s request, the state filed a motion for HIV testing pursuant to section 960.003, Florida Statutes (2007), which provides in pertinent part:
(1) LEGISLATIVE INTENT. — The Legislature finds that a victim of a criminal offense which involves the transmission of body fluids, or which involves certain sexual offenses in which the victim is a minor, disabled adult, or elderly person, is entitled to know at the earliest possible opportunity whether the person charged with or alleged by petition for delinquency to have committed the offense has tested positive for human immunodeficiency virus (HIV) infection ....
(2) TESTING OF PERSON CHARGED WITH OR ALLEGED BY PETITION FOR DELINQUENCY TO HAVE COMMITTED CERTAIN OFFENSES.—
(a) In any case in which a person has been charged by information or indictment with or alleged by petition for delinquency to have committed any offense enumerated in s. 775.0877(l)(a)-(n), which involves the transmission of body fluids from one person to another, upon request of the victim or the victim’s legal guardian, or of the parent or *1063 legal guardian of the victim if the victim is a minor, the court shall order such person to undergo HIV testing within 48 hours of the court order.
(b) However, when a victim of any sexual offense enumerated in s. 775.0877(l)(a)-(n) is under the age of 18 at the time the offense was committed or when a victim of any sexual offense enumerated in s. 775.0877(l)(a)-(n) or s. 825.1025 is a disabled adult or elderly person as defined in s. 825.1025 regardless of whether the offense involves the transmission of bodily fluids from one person to another, then upon the request of the victim or the victim’s legal guardian, or of the parent or legal guardian, the court shall order such person to undergo HIV testing within 48 hours of the court order....
Among the sexual offenses enumerated in section 775.0877(1), Florida Statutes (2007), is:
(c) Section 800.04(1), (2), and (3), relating to lewd, lascivious, or indecent assault or act upon any person less than 16 years of age.
However, section 775.0877(l)(c) refers to the pre-1999 version of section 800.04. Effective October 1, 1999, section 800.04 was substantially rewritten so that subsections (1) through (3) no longer refer to the actual offenses which have been transferred to subsections (4) through (6). Ch. 99-201, §§ 6, 17, at 1187-88, 1211, Laws of Fla. Although recognizing that the legislature’s failure to amend section 775.0877(l)(c) to reflect the 1999 amendments to section 800.04 appeared to be an oversight, the trial court denied the state’s motion for HIV testing because appellant’s delinquency adjudication for lewd or lascivious battery under section 800.04(4)(a) was not a sexual offense enumerated under section 775.0877(l)(c). This cross-appeal follows.
The guide for statutory construction is legislative intent, which must be determined primarily from the language of the statute. Hale v. State, 891 So.2d 517, 521 (Fla.2004). Generally, when a statute is clear and unambiguous, courts will not look behind the statute’s plain language for legislative intent, or resort to rules of statutory construction to ascertain intent insofar as this would constitute an abrogation of legislative power. Cherry v. State, 959 So.2d 702, 713 (Fla.2007). However, courts follow the general rule that the legislature does not intend to enact useless legislation. Unruh v. State, 669 So.2d 242, 245 (Fla.1996). Therefore, courts should avoid interpretations that would render part of a statute meaningless. Id. Another basic rule of statutory construction requires a court to avoid a literal interpretation that would result in an absurd or ridiculous conclusion. Maddox v. State, 923 So.2d 442, 446 (Fla.2006); State v. Atkinson, 831 So.2d 172, 174 (Fla.2002).
In this case, the legislature’s failure to amend section 775.0877(1)(c) to reflect the 1999 amendments to section 800.04 was a clerical oversight. A literal interpretation of section 775.0877(1)(c) based on the outdated reference to section 800.04 would render section 775.0877(1)(c) meaningless because no one charged with committing a sexual offense under section 800.04 after the 1999 amendments would be subject to HIV testing. Such a result would be absurd and contrary to the legislature’s clear intent that those charged with sexual offenses under section 800.04 be subject to HIV testing. Under these circumstances, the trial court should have construed section 775.0877(1)(c) as referring to the amended version of section 800.04. See Curry v. Dep’t of Corr., 423 So.2d 584, 585 (Fla. 1st DCA 1982). Accordingly, we reverse the trial court’s denial of the state’s *1064 motion for HIV testing and remand with directions that the court grant the motion.
AFFIRMED in part; REVERSED in part; and REMANDED, with directions.
BARFIELD and LEWIS, JJ., concur.