KHOUZAM, Judge.
 

 The Florida Department of Revenue appeals a final judgment entered by the circuit court in favor of the Hillsborough County School Board following its successful motion for summary judgment. The Department also filed a motion for summary judgment, which was denied. Because summary judgment should have been granted in favor of the Department rather than the School Board as a matter of law, we reverse and remand for the circuit court to enter summary judgment in favor of the Department.
 

 On July 12, 2007, the School Board filed a request for a refund of motor fuel taxes paid during the two quarters ending in December 31, 2006, and March 31, 2007, pursuant to section 206.41, Florida Statutes (2006). In a final agency decision, the Department denied the School Board’s request for a refund of motor fuel taxes paid during those two quarters. The Department denied the refund because the requests were time-barred under subsection 206.41(5)(c)(l).
 

 The School Board contested the refund denial by filing a timely complaint in the circuit court.
 
 See
 
 § 72.011, Fla. Stat. (2007). In the circuit court proceedings, both sides submitted motions for summary judgment arguing that there were no disputed issues of any material facts and they were entitled to summary judgment as a matter of law. The circuit court granted the School Board’s motion, denied the Department’s motion, and entered a final judgment in favor of the School Board, finding that subsection 206.41(5)(c)(l) did not apply to the School Board. The De
 
 *688
 
 partment then brought this appeal, arguing that by its plain meaning subsection (5)(c)(l) applies to the School Board.
 

 Subsection 206.41(4) provides for refunds on motor fuel taxes. Subsections (4)(b) and (c) state that certain persons who use motor fuel for particular purposes are “entitled to a refund.” Subsection (4)(d) provides that the taxes “shall be returned” to municipalities and counties. Under subsection (4)(e)(l), fuel taxes “shall be returned to the governing body of such school district or to such nonpublic school” that uses the fuel for certain purposes. And subsection (4)(e)(2) further requires that the “[f]unds returned to school districts shall be used to fund construction, reconstruction, and maintenance of roads and streets within the school district.” Finally, subsection (4)(e)(l) notes that “[a] school district ... shall be entitled to take a credit on the monthly diesel fuel tax return not to exceed the tax imposed ... on those gallons which would otherwise be eligible for refund.”
 

 Subsection 206.41(5) provides the mechanism by which these refunds may be claimed:
 

 (5)(a)l. This subsection applies to administration of the refunds provided for by subsection (4).
 

 [[Image here]]
 

 (c)l. No refund may be authorized unless a sworn application therefor containing such information as the department may determine is filed with the department not later than the last day of the month following the quarter for which the refund is claimed. However, when a justified excuse for late filing is presented to the department and the last preceding claim was filed on time, the deadline for filing may be extended an additional month. No refund will be authorized unless the amount due is for $5 or more for any refund period and unless application is made upon forms prescribed by the department.
 

 It is undisputed that the School Board’s refund requests for the quarters ending in December 31, 2006, and March 31, 2007, were untimely filed under subsection 206.41(5)(c)(l). Pursuant to that subsection, the filing deadlines for these two quarters were January 31, 2007, and April 30, 2007, respectively. But the School Board filed its requests on July 12, 2007. The requests did not include any excuse for late filing, and they would have been untimely even if the School Board had been granted a one-month extension as allowed under subsection 206.41(5)(c)(l).
 

 The circuit court nonetheless granted the School Board’s motion for summary judgment, finding that subsection 206.41(5)(c)(l) did not apply to the School Board. First, the court found that the language “shall be returned” and “is entitled to a refund” indicated a substantive difference between subsections (4)(b)-(c) and (4)(d)-(e). Based on this finding, the court concluded that the Department was required to return the funds automatically to the School Board regardless of whether the School Board followed the steps delineated in subsection (5)(c)(l). Second, the court found that failing to return the funds to the School Board would constitute forfeiture.
 

 We review the circuit court’s decision de novo.
 
 See Armiger v. Associated Outdoor Clubs, Inc.,
 
 48 So.3d 864, 869 (Fla. 2d DCA 2010). For the reasons set forth below, we hold that the plain language of subsection 206.41(5)(c)(l) applies to the School Board and, accordingly, the School Board is not entitled to a refund of the motor fuel taxes it paid during the two quarters in question. Instead, the Department is entitled to summary judgment as a matter of law.
 
 See id.
 

 
 *689
 
 The phrases “shall be returned” and “is entitled to a refund” are used interchangeably throughout section 206.41. Even subsection (4)(e)(l) that the circuit court relies on uses the word “return” as well as “refund” to reference a school district’s entitlement to funds. Section 206.41 does not provide any alternative mechanism to request the “return” of funds as opposed to a “refund.” There is simply no substantive difference between the terms used.
 

 A “basic rule of statutory construction requires a court to avoid a literal interpretation that would result in an absurd or ridiculous conclusion.”
 
 M.D. v. State,
 
 993 So.2d 1061, 1063 (Fla. 1st DCA 2008). Here, the circuit court’s interpretation of subsections 206.41(4)-(5) would allow for an automatic return of the funds to the School Board at any time whatsoever. This interpretation is not plausible given the plain meaning of the statute.
 
 See id.
 
 (“[W]hen a statute is clear and unambiguous, courts will not look behind the statute’s plain language for legislative intent, or resort to rules of statutory construction to ascertain intent insofar as this would constitute an abrogation of legislative power.”). Moreover, section 206.41 does not provide any alternative mechanism to request the “return” of funds as opposed to a “refund.” Subsection (5)(e)(l) delineates the sole method of requesting the funds. The School Board was required to follow the steps outlined in subsection (5)(c)(l) to receive its tax refund or return. Unfortunately, the School Board did not do so and therefore it is not entitled to a refund or return of the motor fuel taxes it paid during the two quarters in question.
 

 And finally, we reject the argument that the School Board has forfeited the funds. The circuit court’s reliance on criminal forfeiture cases has no application here. Subsection 206.41(2) provides that the revenues from motor fuel taxes “become state funds at the time of collection.”
 

 Because the School Board’s refund requests were untimely filed, we reverse the final judgment entered in favor of the School Board and remand for the circuit court to enter summary judgment in favor of the Department.
 

 Reversed and remanded with directions.
 

 KELLY and CRENSHAW, JJ., Concur.