432 So.2d 672 (1983)
Frederick Lawrence KELLER, Appellant,
v.
STATE of Florida, Appellee.
No. 82-552.
District Court of Appeal of Florida, Fifth District.
June 2, 1983.
*673 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Keller appeals from an order granting his motion to correct an illegal sentence and from the judgment and sentence entered in accordance with that order. Keller was originally sentenced to two years imprisonment followed by two years in the community control program under the Youthful Offender Act. After it was discovered that Keller was not eligible for the youthful offender program, the trial court changed the sentence to four years imprisonment. Citing North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)[1], Keller contends that he was improperly sentenced to a more severe prison term than originally imposed.
This court has previously decided this issue against Keller's contention. See Lowery v. State, 418 So.2d 1123 (Fla. 5th DCA 1982).
Keller also contends the trial court erred in resentencing him in his absence. Florida Rule of Criminal Procedure 3.180(a)(9) provides that the defendant shall be present at the "imposition of sentence." The state apparently acknowledges, pursuant to this court's decision in McRae v. State, 400 So.2d 175 (Fla. 5th DCA 1981), that resentencing under Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 2d DCA 1981), requires the presence of the defendant.[2] The state, however, contends that because defense counsel was present and offered testimony in mitigation, the resentencing of Keller in his absence was harmless error.
In Walker v. State, 284 So.2d 415 (Fla. 2d DCA 1972), the court held that the resentencing of a defendant in his absence and without a waiver of his right to be present constituted fundamental error. Here, the record shows that Keller affirmatively requested an opportunity to be present and objected to being sentenced in his absence. Thus, even though the trial court may impose the same sentence as previously imposed, Keller should be allowed to be present at the resentencing hearing and be given an opportunity to speak in his own behalf.
*674 The judgment is AFFIRMED, the sentence is REVERSED and we REMAND for a resentencing hearing at which Keller is present or waives his right to be present.
ORFINGER, C.J., and COWART, J., concur.
NOTES
[1] There the Supreme Court held that a more severe sentence cannot be imposed on resentencing unless there was misconduct on the part of the defendant occurring after the original sentence which would justify increasing his penalty.
[2] Although neither defense counsel in his motion to correct the illegal sentence nor the trial judge in his order granting the motion referred to Villery, it is clear that Villery was the basis for invalidating the split sentence.