538 So.2d 468 (1989)
STATE of Florida, Appellant,
v.
Thomas HALL and James F. Peterson, Appellees.
Nos. 88-1121, 88-1122.
District Court of Appeal of Florida, Fifth District.
January 5, 1989.
Rehearing Denied February 21, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellees.
PER CURIAM.
The state appeals from sentences imposed on Hall and Peterson. They were both convicted of conspiracy to traffic in cocaine,[1] which requires the imposition of a three year minimum mandatory sentence.[2] The trial court sentenced both to four years imprisonment. In addition, he checked the block in the sentence forms under "special provisions:"
It is further ordered that the 3 year minimum provisions of Florida Statutes 893.135(1)(b)(1) are hereby imposed for the sentence specified in this count.
Thereafter, the trial court "corrected" the sentences by striking the provision relating to a three year minimum sentence, leaving the four year sentences standing alone. We affirm.
The state argues that the three year minimum mandatory sentences are mandated by section 893.135 and the trial court lacks discretion to eliminate the statutory penalty or mitigate the sentences unless the state moves the court to do so.[3] The rationale for this appeal appears to be that because of the effect of "gain time", the four year terms imposed in this case are, in fact, less harsh than the three year minimum mandatory sentences.
In this case, the presumptive sentence range applicable under the guidelines to both Hall and Peterson was 3 1/2 to 4 1/2 years in prison. Florida rule of Criminal Procedure 3.701.d.9. provides that if there is a conflict between a mandatory minimum *469 sentence and a guidelines sentence, the guidelines control, if the presumptive sentence range is longer.
Mandatory Sentences: For those offenses having a mandatory penalty, a scoresheet should be completed and the guidelines sentence calculated. If the recommended sentence is less than the mandatory penalty, the mandatory sentence takes precedence. If the guidelines sentence exceeds the mandatory sentence, the guideline sentence should be imposed. (emphasis added)
Assuming arguendo, that gain-time considerations are valid in this context, they would not in these cases, make four year sentences less than three year sentences. Gain time is authorized by section 944.275 (incentive gain time) and section 944.276 (administrative gain time). Unlike some other criminal statutes,[4] section 893.135(1)(b)1. does not exclude gain time, and the incentive gain time statute (§ 944.275) does not exclude trafficking. Thus, even if given a three year minimum mandatory sentence, Hall and Peterson could earn incentive gain time. They will, however, be prevented from earning administrative gain time under the four or three years sentences because section 944.276 excludes administrative gain time for any violation of section 893.135.[5]
The trial judge concluded that it could not sentence for both the three year minimum mandatory sentence and the four year guideline sentence. We agree that he complied with the mandatory sentencing provisions of section 893.135(1)(b)1. when he imposed four year sentences. The trial judge accomplished nothing of legal significance when he "un-XXed" the block designating the drug trafficking mandatory minimum special provision in the sentencing form.[6] The first three years of any sentence imposed on a person convicted of a violation of the trafficking in cocaine statute (§ 893.135(1)(b)1.) is a mandatory minimum sentence by virtue of the statute, whether or not that characteristic of the sentence is noted on the sentencing form. Neither the failure of the judge to mark the appropriate block on the sentencing form, nor his action, as in this case, in un-marking that provision, changes the mandatory minimum nature and character of the sentence which exists by virtue of the statutory provision. Four years is more than three years, and a four-year sentence includes within itself sentences for an infinitesimal number of sentences lesser in time, which includes a three year sentence.[7]
Section 893.135(1)(b)1., Florida Statutes, is binding on trial judges and mandates that the trial court impose a sentence of imprisonment of not less than three calendar years. That statute is also binding on the Parole and Probation Commission as to parole (see § 947.16(2)(g)) and administrative gain time (see § 944.276(1)(a)). The trial judge complied with the mandatory sentencing provisions in section 893.135(1)(b)1. when he imposed a four year sentence.
AFFIRMED.
SHARP, C.J., and COWART, J., concur.
DAUKSCH, J., dissents with opinion.
*470 DAUKSCH, Judge, dissenting.
I respectfully dissent.
In my opinion the wording of section 893.135(1)(b)1, Florida Statutes, requires the judge to specifically sentence these appellees to a mandatory minimum sentence of three years. The statute says "... shall be sentenced to a mandatory minimum term of imprisonment of 3 calendar years ..."
Apparently it is true, as the majority opinion says, that the Department of Corrections is releasing convicts from imprisonment before they have served the mandatory minimum sentence. That is probably surprising to some legislators and members of the public who thought three year mandatory minimum means the term of imprisonment was at least three years.
Reading the sentencing statutes together I would think the legislature means for these drug violators to serve at least three years and no more than four and one-half. So I would vacate the sentence and remand for reinstatement of the minimum mandatory three year term, coupled with the guidelines maximum within three and one-half to four and one-half years.
Absent a motion from the state the trial judge has no authority to mitigate a mandatory minimum sentence. Rosa v. State, 508 So.2d 546 (Fla. 3d DCA 1987).
NOTES
[1] § 893.135(1)(b), Fla. Stat. (1987).
[2] § 893.135(1)(c)1., Fla. Stat. (1987).
[3] § 893.135(4), Fla. Stat. (1987); Rosa v. State, 508 So.2d 546 (Fla. 3d DCA), rev. denied, 515 So.2d 230 (Fla. 1987); Mack v. State, 504 So.2d 1252 (Fla. 1st DCA 1986); State v. Samudio, 460 So.2d 419 (Fla. 2d DCA 1984).
[4] See, e.g., §§ 775.082(1) and 775.087(2), Fla. Stat. (1987).
[5] The maximum amount of administrative gain-time accruable is 60 days, and it is only accrued if the inmate population in Florida's prisons reaches 98 percent of capacity and the Governor certifies these facts. At that point, the Secretary of the Department of Corrections may authorized administrative gain-time. § 944.276, Fla. Stat. (1987).
[6] The marking of the appropriate special provision on the sentencing form may be of some mechanical or administrative assistance to the understanding of clerical employees in the Florida Parole and Probation Commission and to others unfamiliar with substance in law, but the designation or reference in the sentence to the statute and its provision for a mandatory minimum sentence, is not essential to the peculiar nature, character, and effect of a mandatory minimum sentence, which is a matter of substance by virtue of the statute and not of form of the written sentence.
[7] As was, by analogy, observed in 5 Lord Coke's Reports 115, "In majore summa continetur minor" (a less sum of money is contained in a greater) or as one road at a time and place may be subject to two speed limits: a maximum speed limit and a minimum speed limit.