ZEHMER, Judge.
We review the denial of a petition for mandamus by which Robert W. Weller sought to compel the Florida Parole Commission to grant him gain time against his sentence. Weller was convicted of two counts of second degree murder with a firearm, one count of attempted first degree murder with a firearm, one count of robbery with a firearm, and one count of trafficking in cocaine. He was sentenced to life imprisonment on each of the first three counts, with the 3-year minimum mandatory on each count to run concurrently. Sentence was suspended on the count for robbery. His sentence for trafficking was 15 years, with a 15-year minimum mandatory provision for drug trafficking, to run concurrently with the other sentences. The thrust of Weller’s petition is that the commission must give him an interview for purposes of setting a proposed parole release date (PPRD) because he is entitled to offset gain time allowable under the statutes against the minimum mandatory sentences. We disagree and affirm.
Weller’s 15-year minimum mandatory sentence for the first degree felony of trafficking in cocaine was required by section 893.135(l)(b)3, Florida Statutes (1987). Therefore, section 947.16(2)(g)3 fixes Weller’s initial parole interview date as “no sooner than 18 months prior to the expiration of the mandatory minimum portion of the sentence.” The obvious legislative intent manifested in these two sections is to compel a prisoner to serve the entire 15-year minimum mandatory sentence in prison without regard to any type of gain time authorized under various statutory provisions. To accept Weller’s argument would render the words “no sooner than 18 months prior to the expiration of the minimum portion of the sentence” superfluous, if not meaningless. There is no statutory authority for the commission to reduce a minimum mandatory sentence with gain time, and the commission has not attempted to do so.
AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.