BARKETT, Justice.
John Scott Thomas petitions this Court for writ of habeas corpus or, alternatively, writ of mandamus because of gain-time computations made by the Department of Corrections (“DOC”) that have resulted in his continued incarceration. We have jurisdiction. Art. V, § 3(b)(8) & (9), Fla. Const.
Petitioner was convicted of robbery with a firearm. The judge sentenced him to three concurrent sentences of five and a half years, including a minimum mandatory sentence of three years imposed under section 775.087(2), Florida Statutes (1985). In 1988, petitioner completed the three-year mandatory sentence and applied for immediate release based on gain time he alleges he had accumulated. In effect, petitioner asked DOC to give him gain time allegedly “accrued” during the minimum mandatory portion of his sentence.
DOC denied the request, saying the statute prohibited such an award. Petitioner then filed this habeas petition alleging he is being illegally detained. Alternatively, petitioner requests a writ of mandamus ordering DOC to compute his gain time in a lawful manner.
Initially, we reject respondents’ argument that we lack jurisdiction to hear a petition for writ of habeas corpus based on the facts of this case. Florida law is well settled that habeas will lie for any unlawful deprivation of a person’s liberty. State v. Bolyea, 520 So.2d 562, 564 (Fla.1988). Petitioner has alleged an unlawful deprivation of liberty, and accordingly has a right to seek habeas relief. We thus reach the merits of the case.
The statute under which petitioner was sentenced provides in pertinent part:
Any person who is convicted of:
(a) Any ... robbery ...
and who had in his possession a “firearm” ... shall be sentenced to a minimum term of imprisonment of 3 calendar years. Notwithstanding the provisions *231 of s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall the defendant be eligible for parole or statutory gain-time under s. 944.275, prior to serving such minimum sentence.
§ 775.087(2), Fla.Stat. (emphasis added). Petitioner contends that, under this statute, gain time cannot be applied to reduce a minimum mandatory sentence but nevertheless continues to accumulate toward any other concurrent sentence. Respondents argue that an inmate cannot accumulate any statutory gain time during the minimum mandatory portion.
Accordingly, the resolution of this case depends on the meaning of the word “eligible” as used in the statute. We are obligated to construe undefined terms in a statute in their ordinary and workaday sense. Graham v. State, 362 So.2d 924 (Fla.1978). Webster’s Third New International Dictionary 736 (1981) defines “eligible” as “entitled to something.”
[2] Thus, we construe the statute to mean that a person in petitioner’s position is not entitled to gain time during the minimum mandatory portion of the sentence. Common workaday usage dictates that this means he was not entitled either to have a statutory gain time award deducted from the minimum mandatory portion of the sentence, nor was he entitled to accumulate statutory gain time during the minimum mandatory portion of the sentence. We agree with the First District that- the mandatory gun law does not draw the distinction urged by petitioner. If the legislature had intended for statutory gain time to accumulate in the manner urged by petitioner, the Legislature would have said so expressly. Curry v. Department of Corrections, 423 So.2d 584, 585 (Fla. 1st DCA 1982). Accordingly, we deny all the requested relief.
It is so ordered.
EHRLICH, C.J., and OVERTON, MCDONALD, SHAW and GRIMES, JJ., concur.
KOGAN, J., dissents with an opinion.