569 So.2d 864 (1990)
David MIMS, Etc., Appellant,
v.
STATE of Florida, Appellee.
No. 89-1830.
District Court of Appeal of Florida, Fifth District.
November 8, 1990.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
David Mims appeals the correction of his sentence for armed robbery. The state agrees that the trial court should have given the appellant credit for whatever part of that sentence he had already served, in addition to the 170 days credited when the original sentence was imposed. The only issue disputed by the parties is whether the trial court's corrected sentence will unlawfully subject Mims to serving a sentence he has already completed.
We find that the trial court's action was intended merely to ensure that the Mims had not, through error, been released from prison earlier than he should have been. But we also find that the correction of the sentence requires clarification, and we vacate the sentence and remand for that reason.
The essential facts are that in 1987 Mims was tried, convicted, and sentenced to four years imprisonment for armed robbery pursuant to section 775.087(2), Florida Statutes (1987), which required that Mims serve a minimum of three years without eligibility for parole or statutory gain time prior to *865 serving that sentence.[1] The "minimum mandatory" box was not checked off on the sentencing document. The armed robbery sentence was to be followed by three years of probation for use of a firearm in the commission of a felony.
For some reason not shown in the record, Mims was released before serving the three year minimum on the robbery sentence. Although it is unclear exactly how long he served, it may have been less than a year.
In July 1989, while back in jail on new charges, Mims filed a motion before the original sentencing judge to vacate his sentence on the firearm conviction on grounds of double jeopardy. While successful in that endeavor, the appellant gave the trial court the opportunity to discover, to its surprise, that the appellant had been let out of prison before serving his minimum sentence. The judge had no way of knowing at that point how much of the sentence Mims had served or whether the Department of Corrections might have had some legitimate reason for releasing him early, but there was reason to suspect that Mims had gained his freedom because of a mistake.
Noting that the 1987 sentencing documents made no reference to the minimum mandatory sentence, the trial court decided to correct the sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure by filing a "Corrected Judgment" and "Corrected Sentence"  dated November 15, 1989, nunc pro tunc to August 29, 1989  which included the check mark in the mandatory minimum block.
As the trial court recognized, the statutorily prescribed number of years of a minimum mandatory sentence is considered imposed on a person whether or not that characteristic of the sentence is noted on the sentencing form. See State v. Hall, 538 So.2d 468 (Fla. 5th DCA), rev. denied, 547 So.2d 1211 (Fla. 1989). But failure to mention, on the sentencing documents, the existence of the minimum mandatory sentence could lead to administrative confusion. See D'Alessandro v. Shearer, 360 So.2d 774 (Fla. 1978); Hall, 538 So.2d at 469, n. 6.
The appellant contends that he was "resentenced," but it is evident from the transcript of the hearing that the trial court had no intention of requiring the prisoner to start serving a new sentence. The judge, who was carrying out something akin to correction of a scrivener's error, made his intention clear orally: When the newly pending charges against Mims had been disposed of and he was due for release from county jail, he must be returned to the Department of Corrections to serve whatever balance of his original sentence remained unserved unless the Department of Corrections had meanwhile determined that his early release was not a mistake, in which case the sheriff should set him free.
We find the only shortcoming in the trial court's actions to be its failure to make clear on the face of the corrected judgment and sentence that the corrected sentence was not to be served from the beginning, and that the appellant was to be given credit for the time he served on the original sentence (in addition to the 171 days previously credited). While that object might be accomplished by simply redating the corrected sentence nunc pro tunc to the day of the appellant's original sentencing (December 9, 1987), it appears preferable to clarify the matter with an updated corrected sentence which specifies exactly how much time is to be credited against the sentence.
We therefore vacate the corrected sentence and remand with instructions to the trial court to hold a hearing for the purpose of determining how much time should be credited against the original sentence, after *866 which, if there is time remaining to be served under the original sentence, the trial court shall impose a corrected sentence of four (4) years, of which three (3) years is a mandatory minimum. The corrected sentence shall specify the amount of time to be credited against the service of the sentence.
Corrected sentence VACATED; cause REMANDED with instructions.
PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] "Any person who is convicted of ... robbery ... and who had in his possession a `firearm,' ... shall be sentenced to a minimum term of imprisonment of 3 calendar years. Notwithstanding the provisions of s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall the defendant be eligible for parole or statutory gain-time under s. 944.275, prior to serving such minimum sentence." § 775.087(2), Fla. Stat. (1987).