574 So.2d 1176 (1991)
STATE of Florida, Appellant,
v.
George McKENZIE, Appellee.
No. 89-2006.
District Court of Appeal of Florida, Fifth District.
February 7, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellant.
Paul J. Dubbeld, Daytona Beach, for appellee.
EN BANC
DAUKSCH, Judge.
Because we find it necessary to recede from the holding in State v. Hall, 538 So.2d 468 (Fla. 5th DCA) rev. denied, 547 So.2d 1211 (Fla. 1989), we have considered this case en banc. Fla.R.App.P. 9.331(c).
The issue involves a mandatory minimum sentence for trafficking in cocaine. The trial judge imposed a four year sentence which was within the sentencing guidelines range, but refused to impose the statutorily required three year minimum and the $50,000 fine because he felt Hall precluded him from doing so. We note that Judge Foxman specifically suggested a reconsideration of Hall when he complied with its holding. Hall says a sentencing judge "complied with the mandatory sentencing provisions of § 893.135(1)(b)(1) when he imposed four year sentences" which exceeded the mandatory minimum of three years. We recede from that language and hold that a sentencing judge must comply with both the statutory mandatory minimum sentencing requirements and the sentencing *1177 guideline requirements when imposing a sentence. So, if the guideline sentence exceeds the mandatory minimum the judge should impose the guideline sentence and specifically require the defendant to serve the minimum.
The sentence is vacated and this cause remanded for resentencing.
SENTENCE VACATED; REMANDED.
COBB, GOSHORN, HARRIS, PETERSON and DIAMANTIS, JJ., concur.
GRIFFIN, J., concurs specially with opinion with which GOSHORN, J., concurs.
W. SHARP, J., dissents with opinion with which COWART, J., concurs.
COWART, J., dissents with opinion with which W. SHARP, J., concurs.
GRIFFIN, Judge, concurring specially.
In State v. Hall, 538 So.2d 468 (Fla. 5th DCA), rev. denied, 547 So.2d 1211 (Fla. 1989), the state contended the trial court had incorrectly sentenced the defendant because the entry on the standard sentencing form referring to the three-year minimum mandatory sentence for violation of section 893.135, Florida Statutes, was not marked. The trial court initially marked the minimum mandatory box but had purposefully erased his marking of that box because he interpreted Florida Rule of Criminal Procedure 3.701.d.9[1] to prevent him from recording a guidelines sentence for a term greater than the minimum mandatory (four years) and marking the minimum mandatory box. The trial court was mistaken in this conclusion. Rule 3.701.d.9 simply says that when a guidelines score is less than the mandatory penalty, the mandatory term controls, and when the guidelines term is greater than the mandatory sentence, the longer sentence is imposed. Nothing in the rule, or the sentencing form, suggests that a written sentence cannot reflect the mandatory minimum nature of the sentence as well as the guidelines term of years. Indeed, the structure of the form and the phrasing used in the minimum mandatory entry on the form rather clearly indicate this is a "special provision" which is supplemental to the blank at the top of the form where the term of years is recorded.
Although the trial court in Hall had reached an erroneous conclusion, we affirmed the sentence on the reasoning that the minimum mandatory character of the sentence was inherent in a four-year sentence for violation of section 893.135(1)(b)1 and that the unmarking of the box on the form could not alter the minimum mandatory nature of a four-year sentence for violation of section 893.135(1)(b)1. It seems our effort in Hall to uphold the trial court has backfired. With the benefit of hindsight, we should have reversed in Hall and sent the case back for the trial court to fill out the form correctly. In reaching to affirm the lower court in Hall, things have gone from bad to worse.
Once again, in this case, the state appeals because it has an unmarked minimum mandatory box on the sentencing form. In the present case, the trial court read Hall to prohibit the marking of the minimum mandatory box where the guidelines sentence exceeds the mandatory term even though Hall evinces no such intent. To the contrary, Hall points out the administrative importance of marking the minimum mandatory box. 538 So.2d at 469, n. 6. Whenever a sentence involves a crime for which there is a minimum mandatory penalty, the term of years should be shown on the form and the minimum mandatory box on the standard sentencing form should be marked as well. Indeed it must be marked in order for the form to be correctly filled out and, like any other such mechanical *1178 error, if raised on appeal, it should be corrected.
I am concerned that the opinion of the majority suggests that the failure to mark the minimum mandatory box means that no minimum mandatory sentence was imposed. The mere fact that the judge has erroneously filled out the form by failing to mark the minimum mandatory box, does not mean a sentence for violation of section 893.135(1)(b)1 loses its minimum mandatory character. There is more than one way to express a judgment in writing and variation from the form does not void a judgment or sentence that is otherwise sufficient. In re Florida Rules of Criminal Procedure, 408 So.2d 207 (Fla. 1981). Neither Florida Rule of Criminal Procedure 3.986 nor any other rule makes the completion and filing of the authorized form of judgment and sentence a condition to a valid sentence. Flowers v. State, 351 So.2d 387 (Fla. 1st DCA 1977). Another format could validly have been used and, arguably, as in Hall, was used. Because, in the present case, the trial court misperceived the proper way to execute the minimum mandatory sentence on the standard form, and because we wish to clear up any confusion on this point, I agree we should remand for resentencing, which shall include filling out on the standard form both the term of years and the minimum mandatory special provision.
GOSHORN, J., concurs.
W. SHARP, Judge, dissenting.
Judging from the comment of Judge Foxman quoted by the majority opinion, State v. Hall, 538 So.2d 468 (Fla. 5th DCA), rev. denied, 547 So.2d 1211 (Fla. 1989), may need clarification. But, I disagree that it was incorrectly decided. In Hall we followed the dictates of Florida Rule of Criminal Procedure 3.701.d.9, which provides that when a mandatory minimum sentence is less in prison time than the applicable guidelines sentence, the longer guidelines sentence should be imposed. The sentences and crimes involved in Hall and this case are identical: a 3 year mandatory minimum sentence and a 3 1/2 to 4 1/2 year guidelines sentence for violating section 893.135(1)(b)(1) (conspiracy to traffic in cocaine).
We held in Hall the trial judge was correct in imposing a sentence longer than the mandatory minimum sentence of 3 years. In such a case, the guidelines sentence is longer and, in effect, it encompasses the mandatory minimum sentence of 3 years. Hall certainly gave the criminal defendant no "break" by exceeding the mandatory minimum sentence. In Hall the majority made it clear that the minimum mandatory was included in and automatically imposed by the longer sentence, and that the minimum mandatory was imposed by virtue of the applicable statute whether or not the trial court checked the minimum mandatory box on the sentencing documents. The first three years of the four year sentence were the mandatory minimum, whether or not that characteristic of the sentence was noted on the sentencing form. Hall says that the minimum mandatory sentence "exists" whether or not a trial court marks, does not mark, or unmarks, the appropriate block on the sentencing form. Hall states unequivocally that the nature, character and effect of the minimum mandatory sentence take effect because of statutes, which are binding as to parole and administrative gain time.
The trial judge in the instant case completely misunderstood Hall. He seemed to believe that he had to impose either the longer guidelines sentence or the shorter mandatory minimum, but that he could not do both. In other words he incorrectly thought that the guidelines sentence (which he was required to impose because it was longer) replaced and eliminated the mandatory minimum sentence and all its characteristics (as well as the statutorily mandated fine). But the application of Hall to this case means that the trial court unwittingly did impose the minimum mandatory three year sentence (or rather the statute did it for him when he imposed the four year sentence), and that his refusal to check the mandatory minimum block "accomplished nothing of legal significance." 538 So.2d 468.
*1179 The Hall opinion was aimed at taking care of a situation in which a trial judge erroneously believed that he had eliminated a mandatory minimum sentence by eliminating a check mark from a form. Bernadini v. State, 540 So.2d 132 (Fla. 5th DCA 1989), relied on Hall in holding that there was no error when a trial court expressly imposed a three year mandatory minimum sentence within a four year guidelines sentence. This court's opinion in the instant case needs to correct the trial judge's erroneous belief that Hall prohibits him from putting check marks on a form (and even from imposing a mandatory fine) if he imposes a sentence longer than the mandatory minimum.
Passing beyond semantic problems, the majority opinion infers that a criminal defendant will actually serve all of his 3 "mandatory minimum" years, if on the sentencing form the trial judge checks both the 3 year mandatory minimum box as well as the 4 year guidelines sentence box. Unfortunately that is simply not the case.
[T]he Department of Correction is releasing convicts from imprisonment before they have served the mandatory minimum sentence. That is probably surprising to some legislators and members of the public who thought 3 year mandatory minimum means the term of imprisonment was at least three years.
538 So.2d at 470 (Dauksch, J., dissenting).
The phrase "mandatory minimum sentence" means only the shortest possible sentence a trial judge must impose for a particular crime. It does not necessarily mean the actual time that a criminal defendant will or must serve. This is because both mandatory sentences and guidelines sentences may be reduced by application of gain time statutes, depending on the type of offense involved[1]  not whether the trial judge checks a box labeling a sentence "mandatory."
When the legislature prohibits gain time in some mandatory minimum statutes and not in others it indicates a legislative intent to permit gain time in those cases where it is not prohibited. "Expressio unius est exclusio alterius": Expression of one thing is exclusion of another. In construing statutes, it is a fundamental rule that mention of one thing implies exclusion of another. Tillman v. Smith, 533 So.2d 928 (Fla. 5th DCA 1988). The rule has been held to mean, for example, that when a statute expressly enumerates a list of included offenses, it impliedly excludes from its operation any offenses not expressly enumerated  Williams v. State, 374 So.2d 1086 (Fla. 2d DCA 1979)  and that when the legislature has employed a term in one section of a statute and excluded it in another, it should not be implied where excluded  Winter v. Hollingsworth Properties, Inc., 587 F. Supp. 1289 (S.C.Fla. 1984). It follows that because the legislature has prohibited gain time in the case of some mandatory minimum sentences and not in others, prohibition of gain time should not be implied where not mentioned.
In Thomas v. Dugger, 548 So.2d 230 (Fla. 1989), the supreme court held that if a statute provides that a prisoner shall not be eligible for statutory gain time prior to serving a mandatory minimum sentence, the prisoner can neither shorten service of his mandatory minimum sentence by means of gain time, nor accumulate gain time for future use while serving his mandatory minimum. This opinion indicates by implication that gain time can be applied to a mandatory minimum sentence if a statute does not prohibit it.
Gain time is described in section 944.275, Florida Statutes (1989). Subsection 944.275(1) provides that the DOC "is authorized to grant deductions from sentences in the form of gain-time in order to encourage satisfactory prisoner behavior, to provide incentive for prisoners to participate in productive activities, and to reward prisoners who perform outstanding deeds or services." There is no indication in section 944.275 that gain time cannot apply to mandatory minimum sentences.
Statutes explicitly barring the application of gain time (or in some cases provisional *1180 credits[2]) to shorten service of certain mandatory minimum sentences include section 775.0823, Florida Statutes (1989), section 775.087(2), Florida Statutes (1989) and section 893.13, Florida Statutes (Supp. 1990) (as amended by Ch. 90-111, Laws of Florida, effective October 1, 1990). On the other hand, pursuant to section 893.135(3), Florida Statutes (1989), drug traffickers shall not "be eligible for parole prior to serving the mandatory minimum term of imprisonment prescribed in this section"  but gain time is not precluded. Less clear wording is found in section 790.161, Florida Statutes (Supp. 1990), amended by Ch. 90-124, Laws of Florida, effective October 1, 1990, which does not mention gain time but which requires certain offenders "to serve a term of imprisonment of not less than" a certain number of years, "before becoming eligible for parole." Presumably (and paradoxically) gain time could shorten a sentence under section 790.161, but the inmate would never be eligible for parole unless he had served the full mandatory minimum sentence.
The significant fact is that a person sentenced to a mandatory minimum sentence may, in some instances, serve less than the full length of that sentence by virtue of gain time. It depends on whether the statute imposing the penalty for the offense excludes gain time or not. It seems, for example, that in theory and in practice a drug trafficker can shorten his minimum mandatory sentence with incentive gain time but will not be released early through provisional credits because of prison overcrowding. See, e.g., Bernadini, 540 So.2d at 133, n. 1 (incentive gain time may be earned without regard to any minimum mandatory sentence language). Department of Corrections v. Powell, 504 So.2d 1250 (Fla. 1st DCA 1986) indicates in a roundabout way that where statutes do not exclude the possibility of gain time, a mandatory minimum sentence may be reduced by gain time.
An opposite view was taken by Weller v. State, 547 So.2d 997 (Fla. 1st DCA 1989), which analyzed the language of a statute fixing a parole interview date and concluded that the legislative intent was to compel a prisoner to serve the mandatory minimum sentence for trafficking in cocaine without regard to any type of gain time. "There is no statutory authority for the [parole] commission to reduce a mandatory minimum sentence with gain time, and the commission has not attempted to do so." Id. While Weller makes a flat and arguably incorrect statement about legislative intent regarding gain time, its actual holding was that the Parole Commission has no authority to apply gain time  which is true, because the DOC applies gain time. See, e.g., Shupe v. State, 516 So.2d 73 (Fla. 5th DCA 1987) (award of gain time is solely within the province of the Department of Corrections, and a trial court is without authority to prevent gain time); see also Hall v. State, 493 So.2d 93 (Fla. 2d DCA 1986).
One issue which Hall did not address was whether or not the trial judge should have imposed a fine provided for by the trafficking statute.[3] I assume the fine was imposed in Hall, since it was not an issue in that case. I think it should also be imposed in the instant case, since the statute requires it. Whether or not the trial judge exceeds the mandatory minimum sentence by imposing applicable guidelines sentences should make no difference. The fine follows the offense, not the title given to the sentence.
*1181 The en banc opinion in the instant case will have the good effect of instructing trial judges to make it clear on their sentencing documents that a mandatory minimum sentence is involved when a longer sentence is imposed, but I respectfully suggest (as supported by the analysis of Hall supra) that there is no reason to recede from Hall in order to make that point. There is nothing incorrect to recede from: Hall does not say that a trial court is not supposed to indicate the existence of a minimum mandatory sentence within a longer guidelines sentence; it merely says that a trial judge does not have the power to eliminate the statutory minimum mandatory sentence, or any of its effects, by omitting or erasing a check mark from the mandatory minimum block on the sentencing form. A reiteration and explanation of Hall's holding would have the same desired effect as the opinion in the instant case.[4]
COWART, J., concurs.
COWART, Judge, dissenting.
I concur in Judge Sharp's dissent.
A criminal sentencing statute, such as section 893.135(1)(b)1., Florida Statutes, which provides that a person guilty of a certain offense "shall be sentenced to a mandatory minimum term of imprisonment of 3 calendar years" effects, controls and limits several aspects of sentencing and the service of sentences of confinement.
First, the word "mandatory" means that the sentencing judge must impose a sentence of imprisonment rather than some other sentence (community control, fine only, etc.,) or any alternative disposition such as probation. Next, the word "minimum" means that the term of imprisonment imposed by the judge must be not less than three calendar years. The word "minimum" does not prohibit a sentence greater than three years and other sentencing concepts, such as the sentencing guidelines rule, may mandate a sentence term greater than that required by the mandatory minimum statutory provision. However, in such event, there are not two sentences imposed for the same offense.[1] The one sentence imposed just must conform to all statutes and rules relating to it.
The mandatory minimum statutory language not only constitutes a legal limitation on the discretion and action of the sentencing judge, but the words "mandatory minimum" also serve to characterize and describe the nature of the particular sentence and to constitute a statutory limitation on the discretion and action of certain executive department administrative agencies of the State which have and exercise statutory authority, discretion, responsibilities and duties with regard to certain aspects of the carrying out, or execution of, the sentence imposed by the court. Those state agencies include the Department of Corrections (see, sections 944.02(2) and 945.01(2), Florida Statutes) which administers statutes relating to crediting sentences with gain time (section 944.275) and provisional credits (section 944.277) and the Parole Commission (section 947.005(1)) which administers statutory parole provisions as Judge Sharp has explored and explained in her opinion.
The provisions of the mandatory minimum statute itself are what affect and limit the state executive and administrative agencies with respect to their application and administration of the statutes relating to the actual service, constructive service (credit in lieu of actual service) and parole (early release from actual confinement) under sentences imposed by courts. The legal effect of such mandatory minimum statutes on such State executive and administrative agencies is a matter of substantive *1182 statutory law and is not subject to the sentencing court's discretion or actions in imposing the sentence, nor is the legal effect of such statutes on the state executive department agencies dependent upon the form in which the judicial sentence is spoken or written or evidenced. Specifically, the effect of the mandatory minimum sentence as a limitation on gain time, provisional credits and parole does not depend on whether or not the sentencing judge makes or does not make an "X" in some block on some sentencing form. This is the essence of the holding in State v. Hall, 538 So.2d 468 (Fla. 5th DCA), rev. denied, 547 So.2d 1211 (Fla. 1989), and is contrary to the view of the dissent in Hall which was to the effect that whether or not a sentence was to have the effect of a mandatory minimum sentence was a matter of form and depended in some manner on how the trial judge imposed the sentence or on whether the trial judge in some manner designated or characterized the sentence as being or not being, a mandatory minimum sentence. In requiring that the sentencing judge should not only impose a sentence conforming to the statute and guidelines rule but should also "specifically require the defendant to serve the minimum,"[2] the majority opinion herein follows the view of the dissent in Hall and effectively holds that it is the form of the sentence imposed by the court and not the statute itself which makes a sentence a mandatory minimum sentence. The majority view in Hall is the correct view and this court should not recede from that case at all and particularly not because some have misread or misunderstood it.
W. SHARP, J., concurs.
NOTES
[1] Florida Rule of Criminal Procedure 3.701.d.9 states:

9. Mandatory Sentences: For those offenses having a mandatory penalty, a scoresheet should be completed and the guideline sentence calculated. If the recommended sentence is less than the mandatory penalty, the mandatory sentence takes precedence. If the guideline sentence exceeds the mandatory sentence, the guideline sentence should be imposed.
[1] See § 944.275, Fla. Stat. (1987).
[2] "Provisional credits" are days by which a sentence may be reduced by the Secretary of Corrections when the inmate population of the correctional system reaches a certain percent of lawful capacity. Provisional credits may be granted only to inmates who are earning incentive gain time and who are not serving sentences for certain offenses. Section 944.277, Florida Statutes (1989). Those ineligible for provisional credits include those serving a sentence which includes a minimum mandatory provision for a capital offense or drug trafficking offense who have not served the number of days equal to the minimum mandatory term less any jail-time credit awarded by the court, or who are serving the minimum mandatory portion of a sentence enhanced under section 775.087(2).
[3] § 893.135 Fla. Stat. (1987).
[4] Hall will continue to serve its purpose of affirming the existence of mandatory minimum sentences by virtue of statute even if a trial judge neglects or refuses to enter the appropriate indications on the sentencing forms.
[1] The majority opinion somehow envisions not one sentence complying with the requirements of both the mandatory minimum statute and the guideline sentencing rule but two different sentences for the same offense in writing on the same document. The opinion should further explain or illustrate the form of the contemplated two sentences because that concept and practice has never heretofore been known in criminal practice in Florida.
[2] The usual way a court requires action to be taken is to order it done and to enforce the order by contempt proceedings. Query: Is the defendant in contempt of court if he fails to serve the minimum period of confinement as required by the court? Will state agencies be in contempt if they release the defendant from confinement early?