PER CURIAM.
The issue in this appeal is whether the trial court erred in failing to grant Appellant appropriate credit for all time served since his arrest. We affirm.
Appellant was charged with dealing in stolen property, possession of a firearm by a convicted felon, and two counts of burglary of a conveyance. On August 16, 1991, Appellant entered a no contest plea in exchange for a five year sentence with a three year minimum mandatory, to be followed by six months of probation. No credit for time served was granted at that time. On appeal, this court remanded for resentencing, Arnett v. State, 598 So.2d 235 (Fla. 1st DCA 1992).
Appellant was resentenced on July 24, 1992. At that time, he was given credit for 108 days of pre-sentence jail time which he was entitled to at his original sentencing on August 16, 1991. Appellant now argues that his sentence does not reflect the time he served between his original sentencing date of August 16, 1991, and July 24, 1992 when he was resentenced. We disagree.
On the final page of Appellant’s July 24, 1992, Sentence appears the language “NUNC PRO TUNC AUGUST 16, 1991.” Thus the sentencing form does make it clear that the sentence is to be served from August 16, 1991, and the trial court did not err. See Drumwright v. State, 572 So.2d 1029 (Fla. 5th DCA 1991); Mims v. State, 569 So.2d 864 (Fla. 5th DCA 1990). The subsequent order entitled “Judgement, Sentence and Order Placing Defendant on Probation During Portion of Sentence,” which sets forth terms and conditions of probation, indicates it is effective July 24, 1992, the date of resentencing nunc pro tunc August 16, 1991.
Affirmed.
JOANOS, MINER and KAHN, JJ., concur.