PER CURIAM.
Appellee was sentenced for delivery of, and possession with intent to sell, cocaine within one thousand feet of a school, in violation of section 893.13(1)(e)1, Florida Statutes (1989). That statute imposes a three year minimum sentence. The trial court sentenced Appellee to three and one-half years in prison, but did not designate that the statutorily required minimum three-year sentence was applied. The state appeals, arguing that the box on the printed sentence form used by the court must be checked, indicating that a statutory minimum sentence is imposed in conjunction with a sentence exceeding the statutory minimum. We agree and reverse. See State v. McKenzie, 574 So.2d 1176 (Fla. 5th DCA 1991) (en banc), receding from State v. Hall, 538 So.2d 468 (Fla. 5th DCA), rev. denied, 547 So.2d 1211 (Fla.1989).
The trial court relied on State v. Moran, 561 So.2d 685 (Fla. 4th DCA 1990) in concluding that it was not required to address the mandatory minimum term in its sentence. We recede from any inference which may be drawn from a reading of Moran to the extent that it conflicts with this opinion. In Moran, this court cited Hall. However, the Fifth District, as indicated above, receded from Hall in McKenzie.
We resolve the issue en banc in order to clarify the obligation of the sentencing judge to check off applicable provisions on the sentencing form in order to avoid confusion.[1] We recognize that nothing of ultimate significance may occur, regardless of whether the court cheeks or fails to check the statutory minimum box provided on the sentencing form. The sentence imposed exceeds the mandatory minimum. Any impact of the minimum sentence provisions of the *100 statute on the length of sentence actually served is provided by law and does not result from an exercise of court discretion. The judgment and sentence advise the Department of Corrections as to which statute was violated and the length of sentence imposed. The department takes it from there. No statute mandates that the trial court redundantly specify that the violated statute provides for a minimum sentence, nor do we disagree with those statements in Judge Co-wart’s dissent in McKenzie which recognize that this is the case. Therefore, in receding, we do not declare that this court erred in Moran. Nevertheless, in accord with Judge Griffin’s concurring opinion in McKenzie,[2], we conclude that it is patently confusing to provide specific applicable language in the sentence form, with a box to check, when imposing a sentence pursuant to this statute, and to leave the box blank. Although we cannot be certain as to how such an omission will modify the actual time served on Appellee’s sentence, the state’s concern that the omission may result in the Department of Corrections’ ignoring the minimum sentence provision and its impact is valid and should be addressed.
We note that rule 3.986, Florida Rules of Criminal Procedure, providing a uniform sentence form, implicitly recognizes that sentencing courts should indicate that the sentence includes the imposition of a statutory minimum by checking off a space provided, although the rule does permit variations from the provided form. That form now includes a section for indicating that the three-year minimum penalty of section 893.13(l)(e)l was imposed. Fla.R.Crim.P. 3.986(d). Here, the sentence form used by the trial court includes a box provided for the purpose of indicating whether the minimum sentence provisions of section 893.13(l)(e)l were applied or are applicable.
Therefore, the sentence is reversed with instructions to modify the sentence on remand in accordance with this opinion.
DELL, C.J., and ANSTEAD, HERSEY, GLICKSTEIN, GUNTHER, STONE, WARNER, POLEN and KLEIN, JJ., concur.
FARMER, J., dissents with opinion.
PARIENTE, J., dissents with opinion, with which FARMER, J., concurs.

. We have also considered Scates v. State, 603 So.2d 504 (Fla.1992), recognizing that section 893.13(1)(e)1 does not use the term "mandatory" and authorizing application of the rehabilitation provisions of section 397.12, Florida Statutes, to a sentence under this statute. We deem Scates inapposite in resolving the issue before us. However, we note that Scates presents additional reason for the trial court to be specific with respect to the mandatory minimum.

. We do, however, note that the McKenzie sentence was for violating the trafficking statute and not the statute violated here.