FARMER, Judge,
dissenting.
Today this court elevates microanalysis of sentencing judgments to truly rarefied levels by insisting, as our decision today undoubtedly does, that it is not enough for the sentencing judge to do everything the statutes require and to refrain from doing what they prohibit. We now effectually hold, in addition, that the trial judge must indicate on the sentencing form just how much of the sentence the defendant must actually serve.
The court announces that it is prompted in its decision by the opinion of the Fifth District en banc in State v. McKenzie, 574 So.2d 1176 (Fla. 5th DCA 1991). I, however, agree with the views and conclusions reached by Judges Sharp and Cowart in their dissenting opinions in McKenzie. They demonstrate that statutes requiring mandatory minimum sentences go no farther than to impose an obligation on a sentencing judge: (a) to incarcerate rather than impose some lesser penalty, and (b) impose a period of incarceration not less than some prescribed minimum duration.[3] Once these things have been accomplished in the sentence imposed, the command of the mandatory sentencing provision has been fully satisfied.
The court’s apparent concern is whether the defendant actually serves the entire mandatory minimum period. The only purpose served by requiring sentencing judges to cheek a mandatory minimum box — or, I suppose, otherwise indicate in a sentence prepared without the use of the optional form— is to affect how the prison authorities execute *101 the sentence. In other words, the purpose is to influence the executive branch, prison authorities on how they carry out their separate duties in making parole decisions or, as Judges Sharp and Cowart show, in allocating gain time or provisional credits to the person sentenced.
My colleagues worry that, if the sentencing order does not say in so many words that the imposition of a 4½ year sentence includes a 3 year mandatory minimum period, the prison authorities might not know that fact. But the sentencing order identifies the statute under which the sentence was imposed, here section 893.13(l)(e). The statute under which the sentence was imposed will tell them whether a mandatory minimum period is involved and whether it is less than a larger guidelines period. In the circumstances, there is no logical reason not to suppose that the greater period imposed subsumes the lesser required period.
If they err in calculating how much of the sentence must actually be served, there are other remedies not quite so anticipatory and less intrusive into the responsibilities of a coordinate branch of government. Indeed the executive branch has a specific form of remedy under chapter 120, as to which the judiciary’s role is at the end of the administrative proceedings, and not long before they are ever begun. See § 947.16(l)(g), Fla.Stat. (1991).
For my taste, there is something unseemly about judges worrying over whether executive branch officials might release a prisoner before the expiration of some statutory punishment time. Trial judges are empowered merely to impose the sentence, and appellate judges are empowered merely to review that imposition to insure that the trial judge has correctly applied the law. Carrying out the sentence then becomes the sole responsibility of the executive branch of government. In reviewing a trial judge’s imposition of sentence, we have no writ to intrude into the performance of its duties by a separate branch of government. We have no license to ensure that those who run our prisons wring every last moment of .time out of every sentence.
I not only fail to see the need for today’s decision but find it unusually indifferent to the role of the judiciary in the scheme of things. I dissent.

. To be sure, I do not necessarily agree that all mandatory minimum sentencing statutes absolutely require imprisonment as opposed to probation or community control. See State v. Robertson, 614 So.2d 1155 (Fla. 4th DCA 1993) (Farmer, J., concurring).