HARRIS, J.
Allen carjacked a vehicle from a victim and his girlfriend in the parking lot of a restaurant and in doing so threatened to shoot if they resisted. During pursuit, Allen made a sharp u-turn and flipped the Lincoln Navigator. A firearm was found on the ground by the vehicle. After Miranda warnings, Allen admitted to an officer that he had pointed the gun at the victims.
Allen was convicted of carjacking with a firearm. At sentencing, the court announced a sentence of 20 years in prison but, after defendant was removed from the courtroom, advised defense counsel that he also intended to impose the minimum mandatory sentence for the use of a firearm. Noting that the defendant was not present in the courtroom, the judge asked defense counsel if she wanted the defendant brought back into court to hear the minimum mandatory provision announced. Defense counsel stated that she had no problem with the court proceeding in the absence of defendant.
Appellant claims on appeal that the State never proved that he had possession of the firearm during the commission of the carjacking because neither the victim nor his girlfriend actually saw the weapon. We believe that his threat to shoot the victim, the finding of a firearm at his arrest scene, and appellant’s admission that he pointed the firearm at the victim and his girlfriend is sufficient proof that he physically possessed the firearm during the carjacking.
Appellant also contends that since there was no specific jury finding that appellant actually possessed a firearm during the carjacking, the minimum mandatory sentence can not stand. We disagree. Here, there was only one perpetrator involved in the carjacking. Use of the firearm was made an element of the offense. By finding appellant guilty as charged, the jury necessarily found that a firearm was used and that appellant used it. We acknowledge authority that if there are multiple perpetrators, the jury must determine which of them used a firearm. Such cases are irrelevant in this case.
Finally, Appellant argues that since the court did not announce the minimum mandatory sentence while he was present in the courtroom, it is now too late to impose it. This is not a situation in which *286 the sentence was not announced in open court or a situation in which the oral sentence contradicts the written judgment. Here, the court orally announced the minimum mandatory sentence in open court but did so belatedly-after Allen was taken from the courtroom. Without mentioning his attorney’s waiver of his presence, Allen insists that absent a valid waiver he is entitled to be present during his sentence. He must be urging that only a defendant personally can waive this right to be present. Perhaps so. In any event there was no objection to the sentencing. And we do not find fundamental error.[1] Even if we reversed the sentence and remanded for resentencing with defendant present, the court must again impose the minimum mandatory sentence. There is no double jeopardy problem and certainly the imposition of a sentence required by law to be entered is not vindictive. If appellant desires to personally hear the imposition of the minimum mandatory sentence, this ruling is without prejudice to his filing a 3.850 motion.
AFFIRMED.
SHARP, W., and PETERSON, JJ, concur.

. Although we held in Keller v. State, 432 So.2d 672 (Fla. 5th DCA 1983), that resen-tencing defendant in his absence was fundamental error even if the trial judge could impose the same sentence, Keller preceded the Criminal Appeal Reform Act. In light of such Act, even though courts retain the right to review sentencing errors which are fundamental, the doctrine of fundamental error is not as broad. Certainly the defendant has the constitutional right to be present at sentencing but all constitutional errors are not fundamental. In this case, defendant's absence from this stage of his sentencing, waived by his counsel in any event, neither goes to the foundation of the case or to the merits of the cause of action.