853 So.2d 533 (2003)
Bernard Leon ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-501.
District Court of Appeal of Florida, Fifth District.
August 29, 2003.
*534 James B. Gibson, Public Defender, and Kevin R. Holtz, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Bernard Leon Allen appeals an order changing his mandatory minimum sentence from three years to ten years. We affirm.
Allen was convicted of carjacking with a firearm in violation of section 812.133, Florida Statutes (2000). Originally, the trial court sentenced Allen to twenty years of incarceration, and specified in the order that the sentence carried a mandatory minimum term of three years: "It is further ordered that the 3-year minimum imprisonment provisions of section 775.087(2), Florida Statutes, is hereby imposed for the sentence specified in this count." Section 775.087, Florida Statutes (2000), actually mandated a minimum sentence of ten years, and provided that the defendant would not be eligible for statutory gain-time or any form of discretionary release prior to serving the minimum sentence. In his first appeal, Allen contended that there was insufficient evidence that he possessed a firearm during the commission of the carjacking, and that the mandatory minimum provision was erroneous because Allen had been removed from the courtroom by the time the trial court announced the minimum term. In Allen v. State, 799 So.2d 284 (Fla. 5th DCA 2001), we affirmed the conviction and sentence. The state did not cross appeal. Id.
After remand, Allen moved for modification of his sentence, asserting that the trial court might have received an incorrect impression of Allen's juvenile history and that he had changed in the time he had thus far spent in prison. The court denied the motion, but noticed that Allen should have been sentenced to a minimum term of ten years rather than three years. The trial court concluded that the original sentence was illegal and modified the sentence to provide for the statutorily mandated minimum term of ten years. On appeal, Allen contends that the original sentence was legal and that by modifying it, the trial court violated his right to be free of double jeopardy. We conclude that the original sentence was illegal and that the court properly corrected it.
First, we do not agree with the state's argument that the modification had no effect on Allen's sentence. When a statute mandates a minimum sentence, the sentencing court must specify it on the sentencing order. D'Alessandro v. Shearer, 360 So.2d 774, 775 (Fla.1978) (issuing mandamus requiring trial court to recite that five-year sentences were subject to three-year minimum mandatory provisions because without such a recitation the authorities would not be on notice that the case calls for a minimum of three years service in prison, and even if authorities received notice by other means, without a judicial order, it would be questionable whether minimum service was required); see also State v. Johnson, 627 So.2d 98 *535 (Fla. 4th DCA 1993) (en banc) (receding from State v. Moran, 561 So.2d 685 (Fla. 4th DCA 1990)); State v. McKenzie, 574 So.2d 1176 (Fla. 5th DCA 1991) (en banc) (receding from State v. Hall, 538 So.2d 468 (Fla. 5th DCA 1989)).
In arguing that the modification had no effect on the sentence, the state relies on Johnson and McKenzie, in which sentencing orders were reversed because the trial courts failed to check boxes on the sentencing forms indicating the mandatory minimum terms. Although the sentencing orders were reversed, it was considered likely by the majority in Johnson and the dissents and concurrence in McKenzie that the failure to check the box designating the minimum sentence would have no effect on the time served by the defendants because the Department of Corrections would be aware of and follow any statute precluding it from awarding gain time until expiration of the mandatory minimum term. Thus, the state's argument is essentially that the department would have ignored the three-year mandatory minimum sentence imposed by the court in the original sentencing order, so the modification of the sentence could not have changed anything. The instant case is not like Johnson and McKenzie, where the orders were silent regarding the minimum terms, because here the original sentence clearly required a three-year minimum term. Cf. Fuston v. State, 838 So.2d 1205 (Fla. 2d DCA 2003) (corrections department, which informed trial court that it would treat the defendant's sentence as though a minimum term had been imposed, has no authority to impose a more onerous sentence upon a prisoner than the sentence actually imposed by the trial court, and it has no authority to disobey or reverse an unambiguous sentence); Moore v. Pearson, 789 So.2d 316, 319 (Fla.2001) (corrections department, which refused to give effect to court's sentencing structure based on a statute requiring service of 85% of a sentence, violated the separation of powers doctrine, and the sentence, which was ordered to be co-terminus with the defendant's previously imposed sentence, did not constitute "court-ordered gain time," but was a lawful mitigation of sentence).
Furthermore, we conclude that the sentence was subject to correction if it was illegal. A court may not increase a "legal" sentence once the defendant has begun to serve the sentence. See e.g. Evans v. State, 675 So.2d 1012 (Fla. 4th DCA 1996) (once a legal sentence is imposed, jeopardy attaches and the defendant cannot be resentenced to a greater term of imprisonment), approved, Ashley v. State, 850 So.2d 1265 (Fla.2003). However, "[a] court may at any time correct an illegal sentence imposed by it...." Fla. R.Crim. Pro. 3.800(a). Rule 3.800(a) was designed to provide relief to a defendant from the prejudicial effects of an illegal sentence, but it does not flatly prohibit the state from filing the motion. Robinson v. State, 757 So.2d 532 (Fla. 4th DCA 2000) (state properly sought relief from illegal sentence under rule 3.800(a), but withholding of adjudication, although improper, was not "illegal"). Cf. Gartrell v. State, 626 So.2d 1364 (Fla.1993) ("Because neither an illegal sentence nor a calculation error was involved in this case, rule 3.800(a) was clearly the improper vehicle for the State to use," and the state should have appealed the departure sentence entered without required written reasons).
In Carter v. State, 786 So.2d 1173 (Fla. 2001), the court held that a habitual offender sentence for a life felony, imposed when the habitual offender statute did not authorize it, was illegal. For that defendant, the length of the sentence was not affected by the habitual offender designation because the court had entered a proper *536 upward departure sentence. Id. at n. 6. The court recognized, however, the collateral consequences of the habitual offender designation:
Nonetheless, improper habitualization may have collateral consequences that could ultimately increase the length of Carter's sentence. See generally Ashley v. State, 614 So.2d 486, 489 (Fla.1993) (stating that the habitual offender statute "ensures that defendants will serve a greater portion of their sentences by eliminating the possibility of early release through parole, or accrual of basic or meritorious gain-time or provisional credits" and habitual violent felony offenders receive mandatory minimum terms).
Id.
The supreme court held that the sentence was illegal because:
as a matter of law, the version of section 775.084, Florida Statutes, in effect at the time of the sentencing unquestionably did not permit habitualization for life felonies. Carter received the more onerous terms and conditions of a habitual offender sentence when the existing law plainly and clearly did not authorize the imposition of a habitual offender sentence. The terms and conditions of Carter's sentence are illegal for purposes of rule 3.800(a) as a matter of law because they exceed those authorized by statute for the adjudicated offense of second-degree murder with a weapon.
In addition, the error was apparent on the face of the record and was "the kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances." Id. at 1181 (quoting Blakley v. State, 746 So.2d 1182, 1187 (Fla. 4th DCA 1999)).
The instant case is the flip side of Carter. As in Carter, the only sentencing factor in issue is the mandatory minimum sentence, except that in this case the sentence was shorter than the law required. Allen received a mandatory minimum sentence that the statute unquestionably did not authorize, and as a result he received less onerous sentencing terms and conditions than he should have. As in Carter, Allen's sentencing error is apparent on the face of the record, and it is not one that could be imposed under any set of factual circumstances. Based on Carter, we must conclude that Allen's sentence was illegal and subject to correction under rule 3.800(a).
We distinguish Ashley, 850 So.2d 1265, in which the supreme court reversed an amended sentencing order imposing a mandatory minimum term, but in which the original sentence was valid. It does not offend double jeopardy principles to resentence a defendant to harsher terms when the original sentence was invalid, particularly when, as in the instant case, it is the defendant who brings his sentence into question. Compare, United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980) (double jeopardy clause does not provide defendants with a right to know at any specific moment in time what the exact limit of his punishment will turn out to be); Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947) (resentencing that imposes a more severe sentence to correct an omitted mandatory penalty does not violate the double jeopardy clause); Bover v. State, 797 So.2d 1246 (Fla.2001) (claim that felonies predicate to imposition of habitual offender sentencing were not sequential and therefore could not support habitual offender sentence is cognizable under rule 3.800(a), but state should have the opportunity to show that other prior felonies satisfied sequentiality requirement); Harris v. State, 645 So.2d 386 (Fla.1994) (defendant had no expectation *537 of finality regarding his sentence where he opened the door to the district court's appellate jurisdiction on an issue of law that was clarified while his case was still pending); Roberts v. State, 644 So.2d 81 (Fla.1994) (when resentencing a defendant after revocation of probation, a trial court may consider prior convictions that were omitted from the sentencing scoresheet even if the omission was not the fault of the defendant).
AFFIRMED.
SAWAYA, C.J., and TORPY, J., concur.