PLEUS, J.
Defendant, Jeffrey S. Sherlock, appeals the orders dismissing his rule 3.800(a) motion in five cases as untimely. Contrary to the trial court’s ruling, there is no time limit for filing a rule 3.800(a) motion to correct an illegal sentence. See State v. McBride, 848 So.2d 287, 290 (Fla.2003) (Rule 3.800 allows a court to correct an illegal sentence at any time); Allen v. State, 853 So.2d 533, 535 (Fla. 5th DCA 2003) (a court may, at any time, correct an illegal sentence imposed by it.)
Nonetheless, defendant’s argument that his sentences are illegal under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is meritless. Based on defendant’s own allegations, the sentences imposed were within the standard range under the Criminal Punishment Code. See §§ 921.002(l)(g); 921.024(2), Fla. Stat. (2000). As explained in Moore v. State, 882 So.2d 977 (Fla.2004), the Criminal Punishment Code has no ceiling other than the statutory maximum punishment. Therefore, as defendant’s sentences do not exceed the standard range requiring a jury determination, his sentences are not illegal.
AFFIRMED.
PETERSON and MONACO, JJ., concur.